, BENNRONA CORPORATION, Appellant, v. LUCY MULRONEY, Respondent.— Judgment and order affirmed, with costs. Memorandum: Proof of ownership of the plaintiff's car was sufficient to establish *prima facie* that the person operating the car was engaged in the owner's service. (*Ferris* v. *Sterling*, 214 N. Y. 249.) We find nothing in the record to rebut this presumption. The contributory negligence of the driver of the car as found by the jury barred a recovery. All concur. (The judgment is for defendant in an automobile negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

CARL D. SMITH and EVERETT L. HIGGS, Respondents, v. BROCTON PRESERVING COMPANY, INCORPORATED, Appellant, and BANK OF BROCTON, Respondent.— Judgment affirmed, with costs. All concur. (The judgment is for plaintiff in an action for work, labor and services.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

MICHAEL HEMMERICH and Others, Copartners Doing Business under the Firm Name and Style of HEMMERICH, KUHS & BENDER, Appellants, v. THE CITY OF GENEVA, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order grants a motion to change the place of trial in an action on a contract.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

In the Matter of Proving the Last Will and Testament of MARGARET ZIMMERMAN (Also Known as MAGGIE ZIMMERMAN), Deceased.— Decree reversed on the law and the facts and order reversed on the law and the facts, and verdict reinstated and matter remitted to the Surrogate's Court with directions to enter a decree denying probate to the alleged will offered for probate, with separate bills of costs to contestants appellants and to proponent executor, payable out of the estate. Memorandum: The record discloses that the jury had before it evidence tending to prove facts and circumstances which amply support its finding that the execution of the purported last will and testament of decedent was obtained by undue influence. Proof that the propounded instrument designates as principal beneficiary the attorney who prepared it and was active in procuring its execution, together with the added circumstances that decedent was of advanced years, mentally and physically infirm and had previously expressed a contrary testamentary intention, presents a *prima facie* case of undue influence. (*Matter of Putnam*, 257 N. Y. 140, and cases cited; *Rollwagen* v. *Rollwagen*, 63 id. 504.) The fact that the draftsman of the instrument was a relative of decedent and was a beneficiary to a lesser degree in a prior will of decedent of which he was also the draftsman, does not, as a matter of law, establish the absence of undue influence. The issue was properly submitted to the jury (*Hagan* v. *Sone*, 174 N. Y. 317; *Matter of Burnham*, 234 id. 475; *Matter of Delmar*, 243 id. 7; *Matter of Anna*, 248 id. 421, 427), and the finding of the jury should not have been set aside, either as contrary to the evidence or as against its weight. All concur. (The decree admits a will to probate. The order sets aside the verdict of the jury as to undue influence.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.