Russell G. Hunt, J.
This is a claim to recover for damage to claimant’s automobile resulting from skidding on the slippery pavement of Norman’s Kill Bridge on Route 9W, in the town of Bethlehem, Albany County.
The claimant’s car was being driven northerly on Route 9W by her son who was operating the car for her and in her business at the time. The accident occurred at about 2:30 p.m. on *786 November 9, 1952 as the automobile went upon the bridge and drove over a stretch of slippery pavement. The testimony was that when the automobile was about 300 feet south of the bridge, the road, weather and visibility were clear, there was no traffic ahead, the driver could see the bridge, but, he testified, did not see the condition complained of herein. His speed was 35 miles per hour as he drove down the grade to the bridge and this was the speed at which he drove upon the bridge.
The claimant introduced in evidence the November, 1952 record of the local United States Weather Bureau observations of the weather and the amount of precipitation and this showed that on the day of the accident the temperature rose from 26 degrees at 8:00 a.m., to 34 degrees at 3:00 p.m.; that at 11:00 a.m., it started to snow, and, at 3:00 p.m., about one tenth of an inch had fallen. The record is prima facie evidence of the facts and circumstances stated therein (Civ. Prac. Act, § 375) and corroborates the testimony regarding the slippery condition of the pavement of the bridge, but, it also sharply contradicts the testimony that the road, weather and visibility were clear. I c was said by the court in Burdick v. Fuller (199 App. Div. 94, 98) that “ The Chinese have a proverb that ‘ the palest ink is better than the most retentive memory ’ ”, so, in this case, reliance is placed on the record and not upon oral recollections of conditions of over four years ago. It is clear, from the record, that the accident happened during a snowfall and in the presence of atmospheric changes which caused the condition.
The negligence asserted against the State was for a failure to sand the pavement. There was no proof that the State had actual notice of the condition, and, the time elapsed between the start of the snow fall and the accident was too short “ to constitute constructive notice to the State which imposed negligence for failure to sand ” (La Tournerie v. State of New York, 1 A D 2d 734; Wheeler v. State of New York, 2 A D 2d 936).
There was some testimony of prior accidents over a three-year period tending towards the establishment of the existence of a dangerous condition of which the State had, or, should have had, knowledge and notice. Such evidence, however, was vague and indefinite and similarity of conditions was not shown, hence, no finding can be made that the highway was so dangerous ‘1 that the only reasonable inference to be drawn in these cases as to the proximate cause of the accident was negligence on the part of the State ” (Boyce Motor Lines v. State of New York, 280 App. Div. 693, 698 affd. 306 N. Y. 801).
*787 Under the weather conditions prevailing at the time, the “ presumption of safety ” of public highways “ will not serve •as an excuse for blind indifference to consequences ” (McFanlane v. City of Niagara Falls, 247 N. Y. 340, 347; Weston v. City of Troy, 139 N. Y. 281, 283), or, as insurance against the risks inherent in automobile travel in the winter (Bird v. State of New York, 2 Misc 2d 244), and, the failure of the driver to slow the speed of his automobile and to proceed with caution is evidence of negligence which is the sole proximate cause of the accident, and, is imputable to the claimant (Bennrona Corp. v. Mulroney, 254 App. Div. 630).
The claim must be dismissed. Findings of fact and conclusions of law are filed herewith.