HARRIET M. FOX, as Administratrix of the Estate of HORACE WILBUR, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 36923.)

Court of Claims, July 24, 1962.

*George G. Feisinger* for claimant. *Louis J. Lefkowitz, Attorney-General* (*Paul F. Diggins, Jr.,* of counsel), for defendant.

JOHN P. GUALTIERI, J. On December 9, 1957, at about 1 o'clock in the afternoon, the claimant's intestate was operating his automobile in an easterly direction on New York State Highway 804, also locally known as River Road East, in the vicinity of the Village of Little Falls, Herkimer County. The surface of the highway was slippery due to hard-packed snow, but there is no evidence of any other abnormal driving conditions which would affect or impair the operator's visibility. The highway at this point was approximately 20 feet wide with 5- to 8-foot shoulders on each side.

In the area involved in this litigation, the highway is parallel to the Barge Canal; guardrails spaced about 10 feet apart had been in existence there for many years. The road was straight and level for a considerable distance in both directions from the scene of the accident.

The only eyewitness, who made his observations from a point about 350 feet away, testified that he saw the decedent's automobile traveling easterly at about 25 miles per hour; that suddenly the vehicle veered in a northerly direction, then turned sharply headed in a southerly direction, hit a guardrail, the car upended and came to rest on its top submerged in the Barge Canal in about one and a half feet of water. The medical findings show that the cause of intestate's death was drowning.

It was testified on the part of the State that the maintenance crew commenced sanding operations at 6:00 A.M., on the morning of the accident; that the crew, following standard procedure, proceeded to sand the hills and curves in this area of Herkimer County and that after completing the sanding of hills and curves they would sand any other areas that required it. This procedure was followed on the day in question and this straight level stretch where the accident happened was reached and sanded shortly after the occurrence of this fatal accident.

The accident occurred on Monday. There is evidence that it was snowing Friday afternoon but there is no showing of any unusual weather conditions existing requiring the calling out of emergency crews over the week end.

Under such circumstances, particularly in areas where in the Winter time the presence of large quantities of ice and snow are to be expected it would be an unreasonable burden to be placed upon the State and its maintenance crews to require that anything more be done than was done. The court cannot predicate liability on this phase of the claimant's allegations of negligence. (*Wheeler* v. *State of New York*, 2 A D 2d 936; *Schleede* v. *State of New York*, 5 Misc 2d 785.)

The only other serious contention of the claimant is that because of the proximity of the Barge Canal to the State Highway that the State was negligent in not providing some additional protective barriers to protect the traveling public in situations like this. It is inferred from the claimant's argument that it was the duty of the State to have placed in this area some sort of protective barrier or at least cables to prevent a vehicle from leaving the highway and going into the canal. This highway was straight; there were no curves. To hold that simply because the highway was close to the canal would require the State to take such protective measures would be holding the State to an unusual standard of care. There are many miles of highways throughout the State that run parallel to waterways and to attach liability here would amount to a holding that the State would have to provide such protective measures everywhere in the State where such a situation exists. This the court will not do. (*Jacobs* v. *State of New York*, 276 App. Div. 452.)

There is a further reason why this claim cannot prevail. All the proof before the court shows is that the intestate's automobile traveling on a State highway in broad daylight at a speed of 25 miles per hour suddenly veered first to the north and then to the south, ending up in the canal. Even if there were negligent conditions for which the State would be liable, of which we find none, the simple facts shown here do not permit the court to find that such conditions were the proximate cause of the accident and of the intestate's death. (*Muislin Bros. Transp.* v. *State of New York*, 15 A D 2d 853.)

The claim of the claimant is hereby dismissed upon the merits.