In the Matter of the Estate of MARY HERLIHY, Deceased. DANIEL J. HERLIHY, Appellant; EMILY N. REYNOLDS et al., Respondents.— In a contested probate proceeding, the proponent appeals from so much of a decree of the Surrogate's Court, Queens County, rendered May 25, 1962 upon the verdict of a jury on framed issues, as denied probate to the written instrument dated July 3, 1961, propounded as the last will and testament of the decedent, and as adjudged that it was procured and executed through undue influence and fraud exerted upon her by the proponent. Decree, insofar as appealed from, reversed on the law, with costs to proponent payable out of the estate; the jury's findings in contestant's favor on the two framed issues relating respectively to undue influence and fraud, set aside; new findings directed in proponent's favor with respect to said two framed issues; and proceeding remitted to the Surrogate's Court, Queens County, for the entry of a decree accordingly, admitting the said instrument to probate as decedent's last will and testament. The proponent is decedent's son and an attorney at law. The two contestants are children of another son who is deceased. Proponent prepared the propounded instrument, which bequeaths the estate in equal shares to him and his three sisters but excludes the two contestants from any share in the estate. Under a prior will, executed prior to the death of contestants' father, decedent had left her estate to her five children in equal shares; and it is conceded that under said prior will the contestants would be entitled to the share of their deceased father (see Decedent Estate Law, § 29). The jury found, as directed by the Surrogate, that the decedent possessed testamentary capacity and that the propounded instrument was executed in due form. By its verdict the jury also found that decedent

was free from restraint, but that the execution of the instrument was caused or procured by undue influence and fraud exerted upon decedent by the proponent. Accordingly, the decree denied probate based on the jury's findings with respect to undue influence and fraud. In our opinion the jury's findings as to undue influence and fraud are erroneous as a matter of law; there is no evidence to sustain them. It is well settled that "Evidence must be adduced from which inferences of [fraud or] undue influence can be reasonably drawn before a will should be denied probate" (*Matter of Walther,* 6 N Y 2d 49, 54). In the case at bar there was no direct evidence of fraud or undue influence. In view of the findings of testamentary capacity, due execution and absence of restraint, together with the convincing evidence of the alertness of mind and independence of spirit of the decedent, no inference of fraud or undue influence is warranted either from the fact that the attorney-son drafted the instrument (whereby his share of the estate, totaling approximately $250,000, was increased from 20% to 25%), or from the fact that the instrument excludes two grandchildren of the decedent (cf. *Matter of Moskowitz,* 279 App. Div. 660, affd. 303 N. Y. 992). Hence, there is no proof to sustain the finding of the jury that the execution of the instrument offered for probate was caused by the fraud or undue influence of the proponent. In the absence of such proof the jury's findings with respect to these two issues must be set aside as matter of law, and the propounded instrument must be admitted to probate. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.