■ In the Matter of the Estate of JOHN EVANCHUK, Deceased. DEIDRE GERLACH, Appellant; GEORGE LINK, Respondent.—In a probate proceeding, the petitioner appeals from so much of a decree of the Surrogate's Court, Queens County (Laurino, S.), dated April 29, 1986, as, upon a jury verdict, denied probate of a purported will on the grounds of undue influence and fraud.

Ordered that the decree is reversed, insofar as appealed from, on the law and as a matter of discretion in the interest of justice, the objection to probate on the ground of fraud is dismissed, and the matter is remitted to the Surrogate's Court, Queens County, for a new trial on the issue of undue influence only, with costs to abide the event.

The record reveals that Eleanor Gerlach commenced the instant proceeding to probate an instrument dated July 10, 1980, purporting to be the last will and testament of her father, John Evanchuk, and designating her as the executrix of his estate. Objections to probate were filed by George Link, the testator's grandson and Eleanor's nephew, on the grounds, *inter alia,* that the will was the result of undue influence and fraud at the time it was executed. Eleanor Gerlach died prior to trial and her daughter Deidre Gerlach, named as the alternate executrix by the purported will, was substituted as the petitioner in the probate proceeding.

The Surrogate submitted the issues of fraud and undue influence to the jurors in a single interrogatory phrased as follows: "Was the execution of said instrument by the said John Evanchuk of his own free will and not as a result of any fraud, undue influence, or fault of any person or persons?" The jurors responded in the negative, thereby rendering a verdict against probate. The Surrogate subsequently denied the petitioner's motion to set aside the verdict and issued a decree denying probate. We now reverse and remit the matter of the Surrogate's Court, Queens County, for new trial solely on the issue of undue influence.

Initially, we note that the Surrogate erred in submitting the claim of fraud to the jury as there was insufficient evidence, as a matter of law, to create a question of fact regarding this issue. In order to state a claim for fraud, the objectant was required to demonstrate that Eleanor Gerlach knowingly made a false statement to the testator which caused him to execute a will that disposed of his property in a manner differently than he would have in the absence of that statement *(see, Matter of Beneway,* 272 App Div 463). However, the only proof offered was the deposition testimony of Eleanor Gerlach to the effect that she had informed the testator that George Link was the sole heir of his deceased mother's estate and would also inherit a portion of the testator's estate under the terms of his prior will. While this remark may have affected the testator's decision to execute the instrument in question, there is no evidence establishing either that Eleanor Gerlach knew the statement was false when she made it or that she made it with the intent to deceive the testator. Indeed, the record unequivocally establishes that her statement proved to be true, inasmuch as the objectant did in fact inherit the estate of his mother. Accordingly, the evidence presented was legally insufficient to warrant the submission of the fraud issue to the triers of fact. Furthermore, although the

matter has not been preserved for appellate review, we note that the Surrogate erroneously neglected to charge that fraud must be proved by clear and convincing evidence *(see,* PJI 1:64 [1988 Supp]; *Simcuski v Saeli,* 44 NY2d 442; *Ausch v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 43, *lv denied* 70 NY2d 610).

With respect to the objectant's claim of undue influence we conclude that the objectant adduced adequate evidence to justify submission of the issue to the jury. A finding of undue influence requires proof of "a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his free will" *(Children's Aid Socy. v Loveridge,* 70 NY 387, 394; *see, Matter of Kumstar,* 66 NY2d 691, *rearg denied* 67 NY2d 647; *Matter of Walther,* 6 NY2d 49). The record before us demonstrates, *inter alia,* that the testator was variously described as being "upset", "very upset", and "distraught" proximate to the time when he executed the instrument in question due to the death of several close family members, including his wife and daughter, within a short period of time. Additionally, several witnesses testified that Eleanor Gerlach and the testator engaged in numerous heated arguments regarding the disposition of the latter's estate, and that the testator executed a codicil making her a coexecutrix of his estate shortly after one such series of arguments. Moreover, Eleanor allegedly presented the testator with the instant will after she had typed it and stated that if he refused to sign it, he could "forget [that he had] a daughter". Accordingly, we conclude that there was sufficient evidence to place the issue of undue influence before the jury.

Notwithstanding the foregoing analysis, the decree cannot stand due to the commission of numerous trial errors which, while not preserved for appellate review, warrant reversal. Initially, the Surrogate erred in employing a single interrogatory to submit the separate and distinct issues of fraud and undue influence to the jury. Indeed, the submission of multiple legal theories in a single interrogatory has been repeatedly disapproved since a general response by the jurors fails to reveal which theory or theories they relied upon and thereby precludes intelligent judicial review of the propriety of the verdict *(see, Davis v Caldwell,* 54 NY2d 176; *Mertsaris v 73rd Corp.,* 105 AD2d 67). While such improper phrasing of an interrogatory may be disregarded where sufficient evidence is presented with respect to each and every legal theory which the interrogatory contains, or where some other theory which

was independently submitted to the jury justifies its verdict *(see, Davis v Caldwell, supra; De Luca v Kameros,* 130 AD2d 705; *Kavanaugh v Nussbaum,* 129 AD2d 559, *mod on other grounds* 71 NY2d 535), reversal is necessary in this case in view of our determination that the issue of fraud should not have been submitted to the jury. Moreover, the interrogatory should have identified the particular person or persons to whom the issues of fraud and undue influence referred *(see, Matter of Matteo,* 134 Ad2d 261; *Matter of Dix,* 17 AD2d 42, *affd* 13 NY2d 846).

It was also error to have instructed the jurors that absent a contrary explanation, they could draw an inference that Eleanor Gerlach exercised undue influence over the testator from the fact that she drafted the will and was the primary beneficiary under its terms *(see,* 2 PJI 7:57). Under the circumstances of this case, and in view of the fact that Eleanor Gerlach was the closest living relative of the testator and a natural object of his bounty, we conclude that such a charge was unwarranted *(see generally, Matter of Herlihy,* 18 AD2d 716, *affd* 13 NY2d 816; *Matter of Moskowitz,* 279 App Div 660, *affd* 303 NY 992), although the jury remained free to consider these facts in reaching its ultimate verdict *(see generally, Matter of Zimmerman,* 254 App Div 630, *affd* 279 NY 659, *rearg denied* 280 NY 597).

In light of the foregoing, we do not consider the remaining contention of the petitioner. Mangano, J. P., Brown, Sullivan and Harwood, JJ., concur.