■ In the Matter of the Estate of MARIA BIANCO, Deceased. LEONARD BIANCO, Appellant-Respondent; FRANK SCHIMENTI et al., Respondents-Appellants. [600 NYS2d 136] —In a contested probate proceeding concerning the purported will of Maria Bianco, dated April 14, 1987, (1) the proponent appeals from so much of a decree of the Surrogate's Court, Richmond County (D'Arrigo, S.), dated April 8, 1991, as, after a jury trial, denied admission of the will to probate on the ground of fraud, and (2) the objectants cross appeal from so much of the same decree as granted the proponent's motion, made at the close of the evidence at trial, for judgment as a matter of law on the question of lack of testamentary capacity, and from so much of the decree as was entered upon a jury verdict finding that the will was not procured by undue influence.

Ordered that the decree is reversed insofar as appealed from, on the law, and the will is admitted to probate; and it is further,

Ordered that the decree is affirmed insofar as cross-appealed from; and it is further,

Ordered that the proponent is awarded one bill of costs, payable by the objectants personally.

The record reveals that Leonard Bianco commenced the instant proceeding to probate an instrument, dated April 14, 1987, purporting to be the last will and testament of his mother, Maria Bianco, and designating him as the executor of her estate. Objections to probate were filed by the children and grandchildren of the decedent's daughter, Angelina Schimenti, who predeceased the decedent. Under a prior will, dated July 21, 1982, the decedent had left her estate to her four children in equal shares. The objectants would have taken the share of Angelina Schimenti pursuant to EPTL 3-3.3. The 1987 will bequeathed the estate in equal shares to the decedent's three surviving children and excluded the objectants. The objectants alleged, *inter alia,* that the will was procured by the fraud and undue influence of Leonard Bianco and that the decedent lacked testamentary capacity at the time of execution. At the close of the trial evidence, the Surrogate granted the proponent judgment as a matter of law on the question of lack of testamentary capacity, but submitted the issues of fraud and undue influence to the jury. The jury found that the will had been procured by fraud but found no undue influence. The Surrogate subsequently denied the proponent's motion to set aside the verdict and issued a decree denying probate.

In order to state a claim for fraud, the objectants must demonstrate that someone "knowingly made a false statement to the testator which caused him to execute a will that disposed of his property in a manner differently than he would have in the absence of that statement" *(Matter of Evanchuk,* 145 AD2d 559, 560). In the present case, the objectants presented no evidence of any false statement made by the proponent to the decedent. While the objectants point to two letters written by the proponent wherein he claimed that Angelina Schimenti's share of her mother's estate would have gone to her husband rather than to her children, these letters were written to the objectants after the decedent's death. There was no showing that these statements were ever made to the decedent, that the proponent knew they were false, or that they caused the decedent to change her will. Moreover, no inference of fraud or undue influence is warranted from the fact that the instrument excludes the grandchildren of the decedent *(see, Matter of Herlihy,* 18 AD2d 716, *affd* 13 NY2d 816). Accordingly, the evidence presented was legally insufficient to warrant submission of the fraud issue to the jury, and, consequently, the verdict must be set aside and the will admitted to probate.

We find no basis to disturb the jury's verdict with regard to the issue of undue influence. It is insufficient to show motive and opportunity to exercise undue influence; there must be evidence that the influence was actually exercised such that the instrument is not really the will of the testator *(see, Matter of Fiumara,* 47 NY2d 845; *Matter of Elco,* 153 AD2d 860). Here, the objectants failed to establish that the proponent actually exercised any undue influence over the decedent.

We also find that the Surrogate properly directed judgment on the issue of testamentary capacity to the proponent, since the objectants failed to submit any proof that the decedent's mental faculties were impaired at the time of the execution of the will *(see, Matter of Palmentiere,* 171 AD2d 871). Mangano, P. J., Rosenblatt, O'Brien and Copertino, JJ., concur.