■ In the Matter of the Estate of BLANCHE F. GROSS, Deceased. AVERY J. GROSS, Appellant; BENITA L. GROSS et al., Respondents. [662 NYS2d 62] —In a contested probate proceeding, the proponent Avery J. Gross appeals from (1) a decree of the Surrogate's Court, Richmond County (D'Arrigo, S.), dated November 27, 1995, which, upon a jury verdict, denied admission of the will offered for probate on the ground that it had been procured by fraud, and (2) an order of the same court, also dated November 27, 1995, which denied his motion pursuant to CPLR 4404 (a) to set aside the verdict and direct that a decree be entered admitting the writing to probate as the will of the decedent.

Ordered that the order is reversed, on the law, the facts, and as a matter of discretion in the interest of justice, the motion is granted, the jury verdict is set aside, and the matter is remitted to the Surrogate's Court, Richmond County, for the entry of a decree admitting the writing to probate as the will of the decedent Blanche F. Gross; and it is further,

Ordered that the decree is vacated; and it is further,

Ordered that the appellant is awarded one bill of costs payable by the respondents personally.

The respondents, Benita L. Gross, Shulamith M. Gross, and Judith D. Gross, three of the daughters of the decedent Blanche F. Gross, challenged the admission into probate of their late mother's will on the ground that it had been procured by fraud and by undue influence exerted by their half-brother, the appellant Avery J. Gross. The respondents alleged that Avery, an attorney and the executor under the will of Blanche F. Gross which was offered for probate, drafted the will for his stepmother, and the will failed to exercise a power of appointment given to Blanche over a trust created by the will of Blanche's deceased husband, Ruben Gross. Because of this failure, the respondents contended, the corpus of the trust was distributed in accordance with Ruben's will, pursuant to which Avery and other siblings benefitted, while the respondents received nothing. After a jury trial the Surrogate denied probate of the will on the ground of fraud. We reverse.

To prevail upon their claim of fraud, the respondents were obligated to prove, by clear and convincing evidence (*see, Simcuski v Saeli*, 44 NY2d 442) that the appellant knowingly made false statements to his stepmother, the testator, to induce her to execute a will that disposed of her property in a manner

contrary to that in which she would otherwise have disposed of it (*see, Matter of Evanchuk,* 145 AD2d 559; *Matter of Beneway,* 272 App Div 463). There was no such evidence in this case (*see, Matter of Bianco,* 195 AD2d 457; *Matter of Philip,* 173 AD2d 543; *Matter of Swain,* 125 AD2d 574).

Rather, the evidence adduced demonstrated that the decedent eschewed Avery's advice to have her will drafted by a non-interested attorney (*see, Matter of Putnam,* 257 NY 140) because she trusted Avery and wanted matters kept in the family. The evidence further established that the decedent wanted to change her will because, *inter alia,* she wanted to provide for her new husband, and because she was unhappy with the respondents as they had effectively renounced their orthodox Jewish upbringing (*see, Matter of Hedges,* 100 AD2d 586). The respondents' choice of lifestyles disqualified them from inheritance under Ruben's will, and there was evidence that the decedent concurred in and respected Ruben's decision in that regard. The only persuasive evidence in the record suggests that the decedent opted not to exercise the power of appointment of her own volition, and not as a result of any fraud on Avery's part. The mere fact that Avery might have had both a motive and the opportunity to influence the decedent's testamentary prerogatives is insufficient to support a finding of fraud (*see, Matter of Philip, supra; cf., Matter of Raskas,* 213 AD2d 718). Since the jury rejected the respondents' claims of undue influence, and the evidence of fraud was legally insufficient, the appellant's motion to set aside the verdict as to the issue of fraud should have been granted, and the will admitted to probate (*see, Matter of Bianco, supra; Matter of Swain, supra*). Miller, J. P., Joy, Altman and Goldstein, JJ., concur.