■ In the Matter of the Estate of MARY DELYANIS, Deceased. CHRISTINE RIVERA, Respondent; GEORGE DELYANIS et al., Appellants. [676 NYS2d 219] —In a probate proceeding, the objectants appeal from a decree of the Surrogate's Court, Nassau County (Radigan, S.), dated May 5, 1997, which granted the proponent's motion for summary judgment dismissing their objections based upon lack of testamentary capacity, lack of due execution, fraud, undue influence, and, *inter alia,* directed admission of the will to probate.

Ordered that the decree is modified, on the law, by (1) deleting the second, third, and fourth decretal paragraphs thereof, and (2) deleting so much of the first decretal paragraph thereof as granted those branches of the proponent's motion which were for summary judgment dismissing the objections based on fraud and undue influence, and substituting therefor a provision denying those branches of the motion; as so modified, the decree is affirmed, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Nassau County, for further proceedings consistent herewith.

The testator died on September 1, 1995. At issue here is whether her last will and testament executed January 3, 1995, should be admitted to probate.

Until October 1994 the testator resided at 109 Bulson Road,

Rockville Centre, with her son, the objectant George Delyanis, his wife Judy, and his children Theo and Stephanie Delyanis. In October 1994, after the testator suffered a stroke, she moved in with her daughter Christine Rivera at her doctor's suggestion.

George Delyanis claims that once the testator moved to Christine Rivera's home, he was not permitted to visit her or speak to her over the telephone. Christine Rivera acknowledged in the course of this proceeding that George Delyanis had "never been welcome" in her home.

After living with Christine for two months, the testator decided rather precipitously in December 1994 to deviate from her long-standing testamentary plan to allow George Delyanis to share in the estate. At that juncture, she was apparently under the impression that George Delyanis was causing litigation, a fact in dispute. The testator was also under the misapprehension that George Delyanis was about to commence an "incompetency proceeding", although such a proceeding no longer existed under the Mental Hygiene Law. This misimpression was given to the testator by the attorney for Christine Rivera who was also the attorney present at the execution of the will. We note that she was also the attorney for both Christine Rivera and the testator when the testator relinquished certain property to Christine Rivera.

The testator executed a codicil disinheriting George Delyanis on December 23, 1994. On December 30, 1994, the testator was provided with a draft of a new will. On January 3, 1995, the testator executed the will in question, disinheriting George Delyanis and dividing his share of the estate among his siblings Christine Rivera and James Delyanis.

On this record, there is no basis for the appellants' contention that the testator lacked the testamentary capacity to execute a new will on January 3, 1995, nor is there any evidence that the will was not duly executed (*see, Matter of Kumstar,* 66 NY2d 691, 692; *Matter of Hedges,* 100 AD2d 586).

However, there was sufficient circumstantial evidence of fraud and undue influence to warrant a trial on those questions. Christine Rivera had both the motive and the opportunity to exert undue influence over the decedent and to commit fraud (*see, Matter of Walther,* 6 NY2d 49; *Matter of Evanchuk,* 145 AD2d 559). Indeed, the testator's disinherited son was formally shut out of the testator's life by Christine Rivera (*see, Rollwagen v Rollwagen,* 63 NY 504; *Matter of Brandon,* 79 AD2d 246, *affd* 55 NY2d 206).

Accordingly, the objections based upon fraud and undue

influence must be remitted to the Surrogate's Court for trial. Rosenblatt, J. P., Ritter, Krausman and Goldstein, JJ., concur.