■ In the Matter of the Estate of GABRIEL PENNINO, Deceased. KATHLEEN H. MARINO, Respondent; CHRISTOPHER PENNINO, Appellant; LAURA PENNINO, Objectant. [698 NYS2d 265] —In a contested probate proceeding, the objectant Christopher Pennino appeals from a decree of the Surrogate's Court, Nassau County (Radigan, S.), dated May 18, 1998, which, upon an order of the same court, dated April 29, 1998, granting summary judgment to the proponent of the will, Kathleen H. Marino, and dismissing the objections of the appellant and Laura Pennino alleging lack of capacity and undue influence, admitted to probate the last will and testament of the decedent, Gabriel Pennino.

Ordered that the decree is reversed, on the law, without costs or disbursements, so much of the order dated April 29, 1998, as granted that branch of the proponent's motion which was for summary judgment dismissing the objections based on undue influence is vacated and that branch of the motion is denied, and the matter is remitted to the Surrogate's Court, Nassau County, for further proceedings consistent herewith.

There is no basis for the appellant's contention that the testator lacked the testamentary capacity to execute a new will on April 14, 1997 (see, Matter of Kumstar, 66 NY2d 691, 692). However, there was sufficient circumstantial evidence of the exercise of undue influence to warrant a trial on that question. The proponent of the will, Kathleen Marino, had both the motive and the opportunity to exercise undue influence, and there is evidence that she may have utilized such influence (see, Matter of Walther, 6 NY2d 49). Indeed, Marino kept her marriage to the testator a secret from the testator's children. Further, she was instrumental in the expeditious execution of the new will three days after the wedding and one month before the testator died (see, Matter of Delyanis, 252 AD2d 585).

Accordingly, the questions of undue influence is remitted to the Surrogate's Court for trial. S. Miller, J. P., Sullivan, Krausman and H. Miller, JJ., concur.