■ In the Matter of the Estate of EUGENE M. BRANOVACKI, Deceased. LIANNE BRANOVACKI, Respondent; GEORGE BRANO-VACKI, Appellant. [723 NYS2d 575] —Order unanimously reversed on the law without costs, motion granted in part and petition dismissed in part in accordance with the following Memorandum: Eugene M. Branovacki (decedent) died on August 29, 1998 and was survived by respondent, his son from his first marriage, and by petitioner, his wife from his second marriage and a native of China. Decedent had been diagnosed with terminal cancer in November 1997 and on March 5, 1998 he had changed his will, naming respondent as executor and petitioner as the residuary beneficiary. In June 1998, while decedent's health still allowed decedent to be active, petitioner planned a trip to China to visit her ailing father from July 7 until July 24. The record indicates that decedent endorsed petitioner's plan to travel to China. His health began to deteriorate, however, and he was admitted to the hospital on July 10. Prior to his hospital admission, decedent made a tape recording for petitioner outlining his assets and noting that he had four individual retirement accounts (IRAs) that named petitioner as beneficiary. During his hospital stay, from July 10 until July 29, decedent experienced a two- to three-day period of confusion and paranoia. Decedent was taking numerous medications, which had potential side effects such as depression, insomnia and psychosis.

Upon her return from China, petitioner and others noted that decedent's prior attitude toward petitioner had changed and that decedent had become rude and short-tempered with her. The record contains contradictory evidence concerning whether petitioner was caring for decedent's personal needs, i.e., bathing and meals, after decedent was released from the hospital. However, the deposition testimony of disinterested witnesses and other evidence in the record suggests that decedent was alert and coherent upon his release from the hospital and believed that petitioner was not taking proper care of his needs. In addition, petitioner had returned from China with Chinese herbal remedies for decedent. Although two witnesses testified at their depositions that, upon petitioner's return from China, decedent was pleased that petitioner was trying to help, the remaining deposition testimony in the record establishes that decedent expressed displeasure with petitioner's attempts to administer those remedies, particularly as time passed.

Respondent, who did not reside in New York, stayed with decedent and petitioner from July 31 until August 2. His contact with decedent both before and after the visit was by telephone. On August 6, decedent advised his attorney that he wished to change the beneficiaries on the four IRAs. On August 10, decedent changed two of the four beneficiaries and on August 14 and August 18, he changed the remaining two. Prior to August 25, decedent had mentioned to several people, including his physician, that he wished to go to Canada. On August 14, decedent told his physician that the reason for this trip was to avoid petitioner's attempts to give him the Chinese remedies. On August 25, decedent left for Canada with his cousin while petitioner was working, and he died four days later.

On September 11, petitioner commenced this proceeding seeking, *inter alia*, temporary restraining orders with respect to withdrawal of funds from the IRAs and other monies. Petitioner alleged that respondent had exercised undue influence over decedent in the weeks prior to his death, causing decedent to change the beneficiaries on the IRAs and to withdraw monies from other accounts. Surrogate's Court issued the temporary restraining orders and, following discovery, denied respondent's motion seeking summary judgment dismissing the petition and vacatur of the temporary restraining orders. The court erred in denying the motion.

"Summary judgment in contested probate proceedings, while rare, should not be withheld where, as here, [respondent] makes out a prima facie case * * * and [petitioner] fail[s] to raise a material issue of fact" (*Matter of Coniglio*, 242 AD2d 901, 901-902). Here, respondent established his entitlement to judgment as a matter of law by submitting evidence that he was unaware of decedent's specific financial plans and that petitioner's allegations of undue influence were based only upon petitioner's suspicions (*see generally, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). While undue influence may be proven by circumstantial evidence that is of a "substantial nature" (*Matter of Walther*, 6 NY2d 49, 54), petitioner failed to submit evidence, circumstantial or otherwise, sufficient to raise an issue of fact whether respondent actually wielded undue influence (*see, Matter of Coniglio, supra*, at 902).

Although we recognize that the August beneficiary changes are inconsistent with the July 10 tape recording, respondent established that such changes were not "an unexplained departure from a previously expressed intention of the decedent" (*Matter of Walther, supra*, at 55), given decedent's

expressed displeasure with petitioner's care. No evidence supports petitioner's contention that a conspiracy existed between respondent and others, or that decedent's subsequent move to Canada was anything but decedent's own idea. "While the evidence in this case may be consistent with the hypothesis that [respondent] induced the [beneficiary changes] by undue influence, the evidence is equally consistent with the assumption that the [changes] expressed the decedent's own voluntary intent" (*Matter of Walther, supra,* at 54; *cf., Matter of Pennino,* 266 AD2d 293; *Matter of Delyanis,* 252 AD2d 585, 586; *Matter of Antoinette,* 238 AD2d 762, 763-764). "An inference of undue influence cannot be reasonably drawn from circumstances when they are not inconsistent with a contrary inference" (*Matter of Ruef,* 180 App Div 203, 204, *affd* 223 NY 582).

We therefore reverse the order, grant respondent's motion in part by dismissing those parts of the petition seeking relief against respondent in connection with the IRAs and other monies and vacating the temporary restraining orders granted in connection therewith. (Appeal from Order of Monroe County Surrogate's Court, Ciaccio, S.—EPTL.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Balio, JJ.