■ In the Matter of GREGORY CAVALLO, Also Known as GREGORY M. CAVALLO, Deceased. REBECCA PYTOSH, Appellant; MARIE CAVALLO et al., Respondents. [774 NYS2d 371]—

In a probate proceeding, the proponent appeals from so much of an order of the Surrogate's Court, Richmond County (Fusco, S.), dated December 30, 2002, as denied those branches of the proponent's motion which were for summary judgment dismissing the objections based on fraud and undue influence.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the proponent's motion which was for summary judgment dismissing the objection based on fraud and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

To state a claim alleging fraud, the objectants were required to demonstrate that the proponent "knowingly made a false statement to the testator which caused him to execute a will that disposed of his property in a manner differently than he would have in the absence of that statement" (*Matter of Evanchuk,* 145 AD2d 559, 560 [1988]). Here, the objectants failed to present any evidence of a false statement knowingly

made by the proponent. Thus, the Surrogate's Court should have granted the proponent's motion for summary judgment with respect to the issue of fraud.

A finding of undue influence requires proof of "a moral coercion, which restrained independent action and destroyed free agency" (*Matter of Evanchuk, supra* at 561 [internal quotation marks omitted]). Undue influence "can be shown by all the facts and circumstances surrounding the testator, the nature of the will, his family relations, the condition of his health and mind, his dependency upon and subjection to the control of the person supposed to have wielded the influences, the opportunity and disposition of the person to wield it, and the acts and declarations of such person" (*Matter of Anna,* 248 NY 421, 424 [1928], quoting *Rollwagen v Rollwagen,* 63 NY 504, 519 [1876]). Here, the objectants adduced adequate evidence to justify submission of the issue of undue influence to the trier of fact (*see Matter of Delyanis,* 252 AD2d 585, 586 [1998]). While the deposition testimony presented by the objectants is based, in part, on alleged conversations with the decedent, evidence excludable by CPLR 4519 may be considered to defeat a motion for summary judgment (*see Coury v Arcuri,* 262 AD2d 268 [1999]; *McEvoy v Garcia,* 114 AD2d 401, 402 [1985]). Santucci, J.P., Florio, Krausman and Schmidt, JJ., concur.