■ In the Matter of GREGORY CAVALLO, Deceased. MARIE CAVALLO, Respondent; REBECCA PYTOSH, Appellant. [951 NYS2d 204]—

In a contested probate proceeding in which Marie Cavallo petitioned pursuant to EPTL 5-1.1-A (d) (2) for leave to serve and file a late notice of election against the decedent's estate, Rebecca Pytosh, the proponent of the will, appeals from an order of the Surrogate's Court, Richmond County (Gigante, S.), dated October 5, 2010, which, upon a decision of the same court dated August 25, 2010, granted Marie Cavallo's petition pursu-

ant to EPTL 5-1.1-A (d) (2) for leave to serve and file a late notice of election against the decedent's estate.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and Marie Cavallo's petition pursuant to EPTL 5-1.1-A (d) (2) for leave to serve and file a late notice of election against the decedent's estate is denied.

The decedent and Marie Cavallo (hereinafter the decedent's wife) were married in or about 1945. They separated in or about 1975. Their marriage was never dissolved.

Rebecca Pytosh became the decedent's life partner in 1983. Pytosh and the decedent remained life partners until the decedent's death on March 21, 2001.

In the propounded last will and testament (hereinafter the subject will), executed on May 1, 1996, the decedent bequeathed his entire estate to Pytosh. The subject will is one of several last wills and testaments that have been propounded over the course of this contentious and protracted litigation involving the decedent's estate (cf. Matter of Cavallo, 66 AD3d 675 [2009]; Matter of Cavallo, 66 AD3d 674 [2009]; Matter of Cavallo, 31 AD3d 442 [2006]; Matter of Cavallo, 6 AD3d 434 [2004]).

On or about July 31, 2009, approximately eight years after she first made an appearance in this litigation, the decedent's wife petitioned pursuant to EPTL 5-1.1-A (d) (2) for leave to serve and file a late notice of election against the decedent's estate. The Surrogate's Court, determining that "the interest of justice" warranted the granting of that relief, granted her petition. Pytosh appeals and we reverse.

Even assuming that the Surrogate's Court had the authority to grant the decedent's wife leave to serve and file a notice of election (compare Matter of Wolfer, NYLJ, Nov. 3, 2004 at 31, col 6, with Matter of Rosenkranz, NYLJ, Nov. 21, 2000 at 30, col 5), the decedent's wife, who was represented by counsel throughout the course of this litigation, and who clearly was aware during the two-year period following the decedent's death that she had a right of election, failed to show "reasonable cause" for relief from her default and for an extension of time to elect (EPTL 5-1.1-A [d] [2]; cf. Matter of Wolfer, NYLJ, Nov. 3, 2004 at 31, col 6; Matter of Gross, NYLJ, Jan. 23, 2004 at 20, col 3). Accordingly, the Surrogate's Court should have denied the petition pursuant to EPTL 5-1.1-A (d) (2) for leave to serve and file a late notice of election against the decedent's estate. Skelos, J.P., Florio, Roman and Miller, JJ., concur.