In the Matter of VERA RANALDO, Deceased. VIRGINIA ZUCKER, Appellant; DIANE RANALDO, Respondent. (Proceeding No. 1.) In the Matter of DIANE RANALDO, Respondent, v VIRGINIA ZUCKER, Appellant. (Proceeding No. 2.) [961 NYS2d 500]—

In a contested probate proceeding (proceeding No. 1) and a related proceeding, inter alia, to invalidate an amendment to a trust (proceeding No. 2), Virginia Zucker appeals from (1) a decree of the Surrogate's Court, Nassau County (McCarty III, S.), dated February 17, 2011, and entered in proceeding No. 1, which, upon a jury verdict finding that the decedent's will dated July 13, 2005, was procured by fraud, and upon an order of the same court (Riordan, S.), dated September 30, 2010, inter alia, denying her motion pursuant to CPLR 4404 (a) for judgment as a matter of law or to set aside the jury verdict as contrary to the weight of the evidence, denied the admission of the will to probate, and (2) a decree of the same court (McCarty III, S.), dated March 7, 2011, and entered in proceeding No. 2, which, upon the same jury verdict, declared the first amendment to the Ranaldo Family Revocable Trust to be null and void as the product of fraud.

Ordered that the decree dated February 17, 2011, is reversed, on the law, that branch of the appellant's motion pursuant to CPLR 4404 (a) which was for judgment as a matter of law is granted, the jury verdict is set aside, the order dated September 30, 2010, is modified accordingly, and the matter is remitted to the Surrogate's Court, Nassau County, for the entry of a decree admitting the will dated July 13, 2005, to probate as the will of the decedent Vera Ranaldo; and it is further,

Ordered that the decree dated March 7, 2011, is reversed, on the law, and the first amendment to the Ranaldo Family Revocable Trust is declared valid; and it is further,

Ordered that one bill of costs is awarded to Virginia Zucker payable by Diane Ranaldo personally.

The decedent died on August 5, 2006, at the age of 83. The appellant, Virginia Zucker, and the respondent, Diane Ranaldo,

are the decedent's adult daughters. Following the decedent's death, in September 2006, Zucker filed a petition to probate the decedent's will dated July 13, 2005 (hereinafter the will). The decedent stated in her will, among other things, that "I considered my daughter, DIANE RANALDO, and for reasons best known to me, I have decided to make no provisions for her in my Last Will and Testament." The will bequeathed Zucker the balance of the decedent's personal effects, and the remainder of the estate to the trustees of the Ranaldo Family Revocable Trust (hereinafter the Trust), which the decedent created on July 17, 2003. On the same date the decedent executed the will, she executed a first amendment to the Trust, which, like the will, had the effect of disinheriting Ranaldo. Prior wills executed by the decedent included Ranaldo as a beneficiary in the decedent's testamentary scheme.

Ranaldo filed objections to probate, inter alia, on the ground that it was the product of Zucker's fraudulent misrepresentations. Ranaldo also commenced a related proceeding in the Surrogate's Court seeking to invalidate the first amendment to the Trust on the same ground. According to Ranaldo, Zucker falsely told the decedent that Ranaldo had threatened the life of Zucker's son, Jeremy, by stating that she would "see him dead before he gets anything" from the decedent's estate. Ranaldo claimed that Zucker made this false representation with the intention of inducing the decedent to alter her estate plan. Zucker moved for summary judgment dismissing the objections and for a decree admitting the will to probate. In support of her motion, Zucker submitted, among other things, a one-page letter allegedly drafted by the decedent, dated November 7, 2005, concerning an exchange she had with Ranaldo. After the Surrogate's Court denied that branch of Zucker's motion which was for summary judgment dismissing Ranaldo's objection based on fraud, the matter proceeded to a jury trial. The jury returned a verdict finding that the will and the first amendment to the Trust were the products of Zucker's fraud. In an order dated September 30, 2010, the Surrogate's Court, inter alia, denied Zucker's motion pursuant to CPLR 4404 (a) for judgment as a matter of law or to set aside the jury verdict as contrary to the weight of the evidence. The Surrogate's Court then issued a decree denying the admission of the will to probate, and issued a separate decree declaring the first amendment to the Trust to be null and void as the product of fraud. Zucker appeals.

In evaluating whether a jury's verdict is supported by legally sufficient evidence, the court must determine whether there is

any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Geary v Church of St. Thomas Aquinas*, 98 AD3d 646, 646 [2012]; *Cubeta v York Intl. Corp.*, 30 AD3d 557, 560 [2006]). "An objectant seeking to establish that a will is the product of fraud must demonstrate by clear and convincing evidence that the proponent of the will knowingly made false statements to the testator to induce the testator to make a will disposing of his or her property in a manner contrary to that which the testator would have effected" (*Matter of Rottkamp*, 95 AD3d 1338, 1339-1340 [2012]; *see Matter of Marin*, 82 AD3d 982, 983 [2011]; *Matter of Evanchuk*, 145 AD2d 559, 560 [1988]).

It is undisputed that, on or about July 15, 2004, Zucker told the decedent that Ranaldo came to Zucker's house and, in an angry outburst, told Zucker, among other things, that she would "see [Jeremy] dead before he gets anything" from the decedent's estate. Ranaldo claims that this constituted a fraudulent misrepresentation. However, there was no evidence presented at trial to demonstrate that Zucker conveyed the alleged misrepresentation to the decedent with the intention of inducing the decedent to alter her estate plan (*see Matter of Evanchuk*, 145 AD2d at 560-561), or that the alleged misrepresentation in fact induced the decedent to change her testamentary plan. There was no evidence presented to show that the decedent considered or discussed disinheriting Ranaldo when she met with her attorney two weeks after the alleged misrepresentation. The decedent's attorney, who drafted the will, testified that the first time the decedent mentioned disinheriting Ranaldo was at a subsequent meeting, approximately eight months after the alleged misrepresentation. In the absence of any evidence to establish that Zucker conveyed the alleged misrepresentation to the decedent with the intention of inducing the decedent to alter her estate plan, and that the alleged misrepresentation in fact induced the decedent to change her testamentary plan, no valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the jury that the will and the first amendment to the Trust were the product of fraud (*see Matter of Gross*, 242 AD2d 333, 334 [1997]; *Matter of Bianco*, 195 AD2d 457, 458 [1993]; *Matter of Evanchuk*, 145 AD2d at 560; *Matter of Swain*, 125 AD2d 574 [1986]). Accordingly, the jury's verdict was not supported by legally sufficient evidence.

Zucker's remaining contentions either are without merit or

need not be reached in light of our determination. Dillon, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.

Motion by the respondent to strike stated portions of the appendix and the appellant's brief on appeals from two decrees of the Surrogate's Court, Nassau County, dated February 17, 2011, and March 7, 2011, respectively, on the ground that they contain or refer to matter dehors the record, and cross motion by the appellant to enlarge the record to include a certain letter dated November 7, 2005. By decision and order of this Court dated July 13, 2012, the motion and cross motion were referred to the panel of Justices hearing the appeals for determination upon the argument or submission of the appeals.

Upon the papers filed in support of the motion and the cross motion, and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the motion is denied; and it is further,

Ordered that the cross motion is denied as unnecessary, as the letter dated November 7, 2005, is part of the record on appeal. Dillon, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.