BOELL *vs.* SCHWARTZ.

*In the matter of proving the last Will and Testament of*
FREDERICK SCHWARTZ, *deceased.*

IT is not sufficient ground for refusing probate, that error as to matter of fact has
been made by the testator, unless the mistake has been of such a character
as to affect his testamentary intentions.
A will cannot be reformed on the probate, when there is no proof that the instru-
ment does not conform to the testator's design and intention.

W. C. RUSSELL, *for Executor.*
A. H. DANA, *for Contestant.*

THE SURROGATE.—The will offered for probate contains a
clause directing certain advances made by the testator to his
son-in-law, to be deducted from the share of his wife, the tes-
tator's daughter, together with interest from the time of the
original loan. It is claimed that there is a mistake as to the
sum mentioned in this provision, and that the error should
be corrected on the probate. But there is no proof of any
mistake as to the testator's intention, and nothing to shew
that he designed to write any other sum in the will as the
amount of the advances, than the one contained in the docu-
ment as executed. It is not sufficient ground for refusing
probate, that error as to matter of fact has been made by the
testator, unless indeed the mistake has been of such a cha-
racter as to affect his testamentary intentions. If the amount
declared in this clause of the will to have been advanced to
the son-in-law is misstated, it may be that on the settlement
of the estate when the advance is to be deducted from the
daughter's share, the error may be corrected. I do not wish
however to express an opinion on that point, for it involves
considerations depending upon facts and circumstances not
now fully before me. The rights of the contestants in that

respect, if they have any, will not be concluded by the pro. bate. The question may be raised on the final settlement, or at any earlier period, if a desire exist to pay off the advances and stop the interest. Its determination will depend upon the construction of this clause of the will, and upon proof of facts which I cannot now anticipate. It is sufficient at present to say that there is no evidence to raise a doubt of the testator's intention to name the amount of the advances at the precise sum mentioned in the will ; and the instrument must therefore be admitted to probate in the same words as written at the time of its execution.