**1. PROBATE OF WILL—WHEN DENIED.**
A will will not be excluded from probate because of a statement therein that testatrix was unmarried, and had no direct heirs, on the contest of an alleged cousin, who had not seen the testatrix for more than 40 years, on the ground that testatrix had mistakenly supposed him to be dead, and that as to him she died intestate.

**2. SAME—MISTAKE OF FACT.**
A will will not be refused probate because of an alleged mistake of a testatrix as to a fact which might possibly have led her to do something different from that which she has done.

In the matter of the last will and testament of Mary Beach Tousey, deceased.

Peckham, Miller & King, for proponents.
Sackett, Bacon & McQuaid, for contestant.
James E. Kelly, special guardian.

THOMAS, S. The contestant concedes that the papers offered for probate were duly executed by the decedent as her last will and codicil thereto. The sole ground of contest is based on a recital in

the will to the effect that the decedent was unmarried and had no "direct heirs." A cousin who had not seen her or communicated with her, either directly or indirectly, for over 40 years before her decease, contends that he is a "direct heir"; that he was missing, and his whereabouts were not known to the members of his immediate family, for some years; that the inference to be drawn from the language of the will is that the decedent mistakenly supposed him dead, and made the will because of this mistake; and that as against him she died intestate. Second cousins were mentioned by name in the will, and it is clear that the decedent did not regard them as "direct heirs." She probably used the word "direct" for "lineal," and I am not satisfied that she made any mistake whatever. The doctrine of dependent relative revocation includes as one of its branches, and applies to, an attempted revocation of a testamentary provision which upon some ground of mistake is held inoperative. If applicable to a will, it must appear clearly, from the will itself, not only that there has been a mistake made by the testator, but also just what he would have done in case there had been no mistake. Gifford v. Dyer, 2 R. I. 99. Where a legacy was made by a will, and in a codicil revoking it it was recited that the legatee was dead, such revocation was held inoperative on proof that the legatee survived the testator (Campbell v. French, 3 Ves. 321); but, even in case of revocation by codicil, the rule has been applied with caution, and the mistake must appear on the face of the codicil as the sole moving cause to induce the revocation (Skipwith v. Cabell's Ex'r, 19 Grat. 758). An apparent mistake as to a matter of fact, as to which the testator must have had full knowledge, is not sufficient. Mendinhall's Appeal, 124 Pa. 387, 16 Atl. 881. In no case which has been brought to my notice has a will been refused probate, or has any attempt been made to correct or change its provisions, on proof extraneous to the document of a mistake by the testator as to a fact which might possibly have led him to do something different from what he has done. On the contrary, the cases in the courts of this state, which require the testator's directions to be followed, even though it may be made quite clearly to appear that he was actuated by erroneous opinions on questions of fact, are quite numerous. In re Bedlow, 67 Hun, 414, 22 N. Y. Supp. 290; Clapp v. Fullerton, 34 N. Y. 190; In re Harris' Will, 19 Misc. Rep. 388, 44 N. Y. Supp. 341; Creely v. Ostrander, 3 Bradf. Sur. 107.

The objections of the contestant must be overruled, and the will admitted to probate.