In the Matter of the Accounting of MARTIN J. REIDY, as Executor of MARY REIDY, Deceased.

Surrogate's Court, Queens County, February 21, 1951.

*John J. Ryan* for executor, petitioner.

*Lawler & Chambers* for Bridget Uniacke, objectant.

*Joseph T. King,* special guardian for Edward F. Thedinga and another, infants.

SAVARESE, S. In this accounting proceeding it appears that there will be no residuary estate and that the general legacies, aggregating $4,006, will have to abate pro rata. The special guardian for two infant general legatees, one of whom was to receive $500 and the other $250, questions the validity of another legacy of $500 to John W. Reidy. The will provides as follows: " I give, devise and bequeathe * * * To my nephew, John W. Reidy, son of my late brother, Patrick Reidy, in satisfaction of the debt owed to him by my late brother, Daniel Reidy, the sum of Five hundred ($500.00) Dollars."

The special guardian states that there is no proof of the existence of the debt referred to in the will. On the other hand, he admits that he has no evidence that the debt did not exist. He argues that even if it once existed it is barred by the Statute of Limitations because Daniel Reidy, the alleged debtor, died in 1937 ten years before testatrix made her will on June 3, 1947, and thirteen years before she died on January 9, 1950.

Whether or not the debt, if it ever existed, was or is barred by the Statute of Limitations is immaterial. It was perfectly

proper for the testatrix to make a gift in satisfaction of her brother's obligation although recovery thereof by legal action might be prevented by the interposition of the affirmative defense of the Statute of Limitations. It is also immaterial that the debt was that of her brother and not her own. Of course it is not entitled to the preference allowed to a legacy in satisfaction of a debt of the testatrix.

The expression of the testatrix' purpose in making the gift did not serve to make it conditional upon the possibility of fulfilling the purpose. Although the gift could have been made conditional, testatrix did not do so expressly and the court is reluctant to imply a condition from the simple declaratory statement in this will.

Assuming that the debt never existed and that the legacy was inserted by reason of a mistake of fact, it was a mistake in the inducement for which no relief may be had, even on probate, except possibly where both the mistake and what the testatrix would have done but for the mistake appear on the face of the will. (See *Matter of Goettel,* 184 Misc. 155, 160; *Matter of Tousey,* 34 Misc. 363; *Gifford* v. *Dyer,* 2 R. I. 99, and Atkinson on Wills, §§ 106, 107, pp. 234–236.)

In the construction of a will the sole inquiry is the intention of the testator, but no evidence is admissible which would contradict a clearly expressed provision in the will. (*Brown* v. *Quintard,* 177 N. Y. 75; *Bradhurst* v. *Field,* 135 N. Y. 564; *Matter of Baylis,* 78 N. Y. S. 2d 893; *Matter of Ittleson,* 197 Misc. 786, 789.) Thus any evidence which might sustain the special guardian's position would not be admissible. Furthermore, the statement in the will is some evidence of the existence of the debt, and the special guardian has no evidence to disprove it. He therefore could not meet the burden of proof cast upon him even if the court were to receive evidence. For all the foregoing reasons the contention of the special guardian is rejected. The legacy to John W. Reidy is valid and will be paid to him as abated.

The claim of Bridget Uniacke was settled and allowed on consent in the reduced sum of $550. Her objection is sustained to that extent and otherwise overruled. Account settled as amended. Submit decree on notice.