In the Matter of the Probate of the Will of Frank F. Arnold, Deceased.

Surrogate's Court, New York County, August 31, 1951.

*John R. Wendt* for Manufacturers Trust Company, proponent.

*Harold G. Aron* and *Alexander Chananau* for Ada G. Dolan, contestant.

*Woodson D. Scott* for New York Times Company, respondent.

*George W. Herz* for John C. Glenn, Public Administrator of County of Queens, as administrator of the estate of Conrad Kestel, deceased, respondent.

*Seymour J. Wilner,* special guardian for Emily C. Arnold, an incompetent, respondent.

*Joseph A. Cox* for Francis J. Mulligan, Public Administrator of County of New York, as administrator of the estate of Reginald Graham, deceased, respondent.

*James F. Mullay,* as administrator of the estate of James B. Mullay, deceased, respondent in person.

*Nathaniel L. Goldstein, Attorney-General (Kenneth D. Shearer* of counsel), for indefinite beneficiaries.

COLLINS, S. Objections to the admission of deceased's will to probate are interposed in this proceeding by his half sister who asserts that the testator was lacking in testamentary capacity solely because of the fact that he was unaware of her existence as the result of circumstances that placed them apart from infancy.

On a motion made by the proponent to dismiss the objections, Surrogate FRANKENTHALER held (N. Y. L. J., Sept. 28, 1950, p. 621, col. 3) that the contestant had demonstrated her relationship to deceased. On that motion it was established that deceased and his mother were admitted to the Chautauqua County Almshouse on June 16, 1886. Deceased was transferred to the Randolph Children's Home on June 24, 1886, and his mother thereafter gave birth at the almshouse to the objectant on August 6, 1886. The second child was transferred to the Randolph Children's Home on August 25, 1888.

On May 9, 1893, the decedent was taken from the home by Goodrich and Sophronia Arnold of Franklinville, N. Y., under an agreement of adoption and it was by this family, whose surname he assumed, that he was raised. His half sister, the objectant, Ada Chambers now known as Ada Dolan, was adopted in January, 1889, by Nathaniel and Georgiana Glassmire of Coudersport, Penna., and was raised as their only child. From that time forth the deceased and his half sister never saw each other again. It was only after a most extensive search, insti-

tuted upon the part of the proponent, that the objectant's existence became known but it is also perfectly clear that deceased at the time of the execution of his will and up to the moment of his death was under the impression that he had not a single relative living.

Contestant makes no attempt to assert that the deceased lacked testamentary capacity in the sense that he was incapable of understanding the nature of the testamentary act. No charge of undue influence or fraud or failure of execution is made. The sole reason advanced by the objectant for denying probate is the fact that the testator being ignorant of the existence of a half sister was unaware of the natural object of his bounty.

Unfortunately for the ingenuity of the argument, the objection fails. It has long been established that a will is entitled to probate despite the fact that its author was mistaken concerning extraneous facts which might otherwise have caused him to make a different disposition of his property. In *Matter of Tousey* (34 Misc. 363) Mr. Surrogate THOMAS of this court was confronted with a problem very much like that involved in this case. There the testatrix in her will had stated that she was unmarried and had no direct heirs. The contestant established his identity as a cousin and proved that he and deceased had not been in communication with each other for a period of more than forty years. On the assumption that testatrix was in ignorance of his existence when she recited her lack of direct heirs he contended that the will was not entitled to probate because of the mistake. The court in overruling the objections held as follows (p. 364): " An apparent mistake as to a matter of fact as to which testator must have had full knowledge is not sufficient. Mendinhall's Appeal, 124 Penn. St. 387. In no case which has been brought to my notice has a will been refused probate, or has any attempt been made to correct or change its provisions on proof extraneous to the document of a mistake by the testator as to a fact which might possibly have led him to do something different from what he has done. On the contrary, the cases in the courts of this State which require the testator's directions to be followed, even though it may be made quite clearly to appear that he was actuated by erroneous opinions on questions of fact, are quite numerous. *Matter of Bedlow,* 67 Hun 414; *Clapp* v. *Fullerton,* 34 N. Y. 190; *Matter of Harris,* 19 Misc. Rep. 388; *Creely* v. *Ostrander,* 3 Bradf. 107. The objections of the contestant must be overruled and the will admitted to probate."

In *Matter of Shumway* (138 Misc. 429) Surrogate WINGATE reviews the authorities. In that case the will contained a recital that the deceased had made advances to the contestant during his lifetime and he gave that as the reason for his failure to provide for her upon his death. As a matter of fact, no such advancement had been made. The error of the testator was held no bar to the will's admission to probate.

Perhaps the most forthright and explicit statement of the rule is to be found in *Matter of Bethune* (48 Hun 614, opinion in 15 N. Y. S. Rep. 294, 296) where the General Term of the First Department stated: " A will cannot be overturned simply because the testator had not correctly informed himself as to all the facts and circumstances surrounding him."

Again in *Matter of O'Dea* (84 Hun 591) the court said at page 593: " an erroneous belief suggested as a reason for the disinheritance of an heir, to affect the validity of the will of a testator, must be shown to be an insane delusion." To like effect are the decisions in *Clapp* v. *Fullerton* (34 N. Y. 190); *Boell* v. *Schwartz* (4 Bradf. 12); *Matter of Goettel* (184 Misc. 155), and *Matter of Draske* (160 Misc. 587).

Upon the authorities cited and for the reasons stated, the objections are overruled and the will admitted to probate.

Submit decree on notice.