■ In the Matter of the Estate of ABRAHAM WARSASKI, Deceased. HOWARD LEDER, Appellant; MARSHAL SPIEGEL et al., Respondents. [644 NYS2d 37]

Testator executed a will on September 15, 1992, specifically disinheriting his nephews, the objectants, and leaving his entire estate to charities. He died on May 19, 1993, at age 66.

Objectants submitted to the court an affidavit of a psychiatrist who had never examined the testator, but who did examine a series of letters and an autobiographical manuscript prepared by the testator from 1983 through 1991. These self-authenticating documents were accurately described by the Surrogate as a "rambling, disjointed stream of consciousness in which decedent expresses his anger toward the medical and legal professions and talks about [his nephews'] relationship with decedent and others." From a review of these documents, objectants' psychiatrist concluded with a reasonable degree of medical and psychiatric certainty that the testator was suffering from a mental illness that prevented him from knowing

the natural objects of his bounty at the time he executed the will, specifically "a chronic paranoid delusional psychosis that caused him to project his feelings of suspicion and hatred upon [his nephews]." The psychiatrist further noted that the testator's mental illness would not have been readily detectable by a lay observer because one of the attributes of the disease is that it can be "encapsulated".

We agree with the Surrogate that whether the testator was suffering from a mental illness that prevented him from knowing the natural objects of his bounty when he executed the will is a factual question that must be resolved at trial (*compare*, *Matter of Van Patten*, 215 AD2d 947, *lv denied* 87 NY2d 802). In *Van Patten*, the objectant submitted an expert's opinion as to testamentary capacity based solely on his review of medical records revealing the testator's physical condition and prescribed drug therapy. *Van Patten* is further distinguishable in that it dealt with testamentary capacity in general, and not an insane delusion, and there was undisputed direct evidence in *Van Patten* of the testator's competence, which the court described as "overwhelming" (*supra*, at 950). In the instant case, there was minimal evidence of the testator's competence, and a genuine issue of fact was thus raised by the psychiatrist's affidavit based upon the extensive writings of the testator. Concur—Wallach, J. P., Nardelli, Tom and Mazzarelli, JJ.