■ In the Matter of the Estate of CHARLES C. CONIGLIO, Deceased. LEO R. COLEMAN, JR., Appellant; ANN F. AUBIN et al., Respondents. [663 NYS2d 456] —Order unanimously reversed on the law without costs and motion granted. Memorandum: Charles C. Coniglio (decedent) executed a will on September 23, 1993, leaving his entire estate to proponent, Leo R. Coleman, Jr., a non-relative, and naming Coleman as executor. Decedent died on August 23, 1995, survived by 23 distributees. After proponent petitioned for admission of the will to probate, 12 of decedent's distributees filed objections, alleging lack of due execution and testamentary capacity, undue influence and fraud. Proponent moved for summary judgment dismissing the objections and admitting the will to probate. Surrogate's Court erred in denying the motion.

Summary judgment in contested probate proceedings, while rare, should not be withheld where, as here, proponent makes

out a prima facie case for probate and objectants fail to raise a material issue of fact (*see, Matter of Parravani,* 211 AD2d 965, 966). The record establishes that the will was duly executed pursuant to the formal requirements of execution and attestation set forth in EPTL 3-2.1. There is a presumption of regularity because the attorney-draftsman supervised the will's execution (*see, Matter of Kindberg,* 207 NY 220, 228; *Matter of Esberg,* 215 AD2d 655), and objectants failed to overcome that presumption.

The record further establishes that at all relevant times, including the time when the will was executed, decedent possessed the capacity required by EPTL 3-1.1 to make a will. He knew the nature and extent of his property and "those who would be considered the natural objects of [his] bounty", and he understood the nature and consequences of executing the will (*Matter of Kumstar,* 66 NY2d 691, 692, *rearg denied* 67 NY2d 647). The proof establishes that decedent, despite his age and reclusiveness, was "of sound mind and memory" when he executed the will (EPTL 3-1.1; *see, Matter of Tabaczynski,* 217 AD2d 965, 966; *Matter of O'Brien,* 182 AD2d 1135; *cf., Matter of Warsaski,* 228 AD2d 275).

Lastly, the record establishes that the will was not the product of undue influence or fraud on the part of proponent (*see, Matter of Tabaczynski, supra,* at 966). A mere showing of opportunity and motive to exercise undue influence is insufficient to present a triable issue of fact, without evidence that undue influence was actually wielded (*see, Matter of Walther,* 6 NY2d 49, 55). Unsubstantiated and conclusory allegations are also insufficient to raise a triable issue of fact whether proponent knowingly made a false statement that caused decedent to execute a will that disposed of his property in a manner different from the disposition he would have made in the absence of that statement (*see, Matter of Bianco,* 195 AD2d 457, 458).

In view of our determination, we need not address the issue raised by proponent. (Appeal from Order of Jefferson County Surrogate's Court, Schwerzmann, S.—EPTL.) Present—Green, J. P., Pine, Wisner, Balio and Fallon, JJ.