■ In the Matter of HUNT T. DICKINSON, Deceased. SCOTT DICKINSON, Appellant, v PATRICIA D. BATES et al., Respondents, et al., Respondent. [709 NYS2d 69] —Decree, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about September 7, 1999, which, in a proceeding to reform certain trust agreements, granted respondents' motion to dismiss the petition for failure to state a cause of action, unanimously affirmed, with costs.

The principal of the subject trusts is distributable to the issue of the settlor's son surviving at the time of the son's death, and, if there be no such issue, then to similar trusts benefitting the settlor's other children and their issue. The word "issue" is defined to include only children "of the blood," adopted children being expressly excluded. Petitioner, an adopted child of the settlor's son, claims that the settlor did not intend to exclude children adopted by the settlor's son, who was childless at the time the trusts were created, but that the settlor was rather concerned with the possibility that another child of his would adopt her stepchildren, whom he disliked, and that the definition of "issue" was meant only to exclude the possibility of these stepchildren sharing in any part of his bounty.

Accordingly, petitioner seeks to reform the trusts so as to define "issue" as including adopted children and excluding

stepchildren. In support of his claim, petitioner alleges, among other things, that the settlor created trusts for petitioner and the two other children adopted by his father before the settlor's death that expressly provided that adopted children were to be considered the same as children "of the blood," and that the settlor's will, which was executed after petitioner's adoption, also called for such identical treatment while effectively excluding the disliked stepchildren from sharing in his estate.

The Surrogate held that such allegations at best showed that the settlor "changed his mind" about excluding adopted children from sharing in his bounty, but did not show a mistake in the transcription of his instructions and otherwise had no bearing on his intent at the time he created the subject trusts, and thus dismissed the petition for failure to state a cause of action. The Surrogate also rejected petitioner's request for disclosure of the settlor's attorneys' files absent anything "to suggest that discovery of events almost forty years ago would yield proof of any scrivener's error."

We affirm. "When the purpose of a testator is reasonably clear by reading his words in their natural and common sense, the courts have not the right to annul or pervert that purpose upon the ground that a consequence of it might not have been thought of or intended by him." (*Matter of Tamargo*, 220 NY 225, 228.) Given such clarity, any mistake claimed "must appear on the face of the instrument itself" (*Union Trust Co. v Boardman*, 215 App Div 73, 79, *affd* 246 NY 627; *see also, Hemingway v Hemingway Found.*, 193 AD2d 559, 560). Here, the language of the trust agreements is explicit and unequivocally clear, and simply does not evince the claimed mistake. Discovery of the files of the law firm that drafted the trusts, for the purpose of finding a scrivener's error, would be a fishing expedition. Concur—Tom, J. P., Mazzarelli, Lerner and Buckley, JJ.