OPINION OF THE COURT
Peter N. Wells, S.
This contested probate proceeding was tried by the Court without a jury. Charles T. Patrick died on November 18, 2000. Lisa Patrick, decedent’s daughter and his nominated executrix, has petitioned to probate an instrument dated June 20, 1990 which left decedent’s residuary estate, consisting solely of his residence, to petitioner. On the day of the will execution *296 decedent also signed an affidavit wherein he stated that he was leaving his entire estate in this fashion because petitioner was the only one of his four children who did not own her own home. Respondents, Debbie J. Lizzo, David W. Patrick and Joyce M. Patrick, also decedent’s children, have interposed objections alleging that decedent’s will was not reflective of his true intentions. Respondents base their objections on decedent’s affidavit contending that decedent was under the mistaken belief that all his children except Lisa owned their homes, when in fact two of his other children, David and Joyce, also did not own their homes.
The situation before the Court is unfortunately difficult on the facts, but uncomplicated on the law. The body of decedent’s will is simple and straightforward. The residuary bequest to petitioner is not contingent on her not owning a home and his other children having homes. There is no qualification of any kind regarding his children’s home ownership in the will itself.
The courts have held that “[w]hen the purpose of a testator is reasonably clear by reading his words in their natural and common sense, the courts have not the right to annul or pervert that purpose upon the ground that a consequence of it might not have been thought of or intended by him.” (Matter of Tamargo, 220 NY 225, 228.) Moreover, when the will itself is clear, any alleged mistake must be evident on the face of the document itself (Dickinson v Bates, 273 AD2d 89, 90, citing Union Trust Co. v Boardman, 215 App Div 73, 79, affd 246 NY 627). It is elemental that the remedy of reformation of a testamentary instrument is to be applied sparingly if at all (Matter of Snide, 52 NY2d 193).
In the present situation, the words used in the will are clear, definite and unambiguous. The alleged mistake imputed from decedent’s affidavit is not evident on the face of the document. Moreover, the will and the affidavit were executed more than 10 years prior to decedent’s death. It appears that his children were aware of the terms of decedent’s will as presumably was decedent himself who made no attempt to change its terms during those 10 years.
The evidence further revealed that the will was duly executed in accordance with the due execution requirements of Estates, Powers and Trusts Law § 3-2.1, thus formally bestowing upon it the weight of a testamentary document. Although the affidavit was signed at the same time as the will, it was not referred to therein. Addressing extraneous matters put forth by objectants in this regard is fraught with difficulty and *297 mischief. To sustain the objections would substantially alter decedent’s express testamentary scheme and result in a deviation from his clearly stated wishes. In short, to reform a will that has no ambiguities results in a will that is not that of the decedent. When the words used in a will are clear and definite, there is no power to change them (Matter of Watson, 262 NY 284, 293-294).
Accordingly, based on all the credible evidence, the objections are dismissed and decedent’s last will and testament, dated June 20, 1990, shall be admitted to probate. Any objections not specifically addressed herein are dismissed for lack of proof.