■ In the Matter of the Estate of DIANE R. YOUNG, Deceased. ANNE L. CONCRA, Individually and as Executor of DIANE R. YOUNG, Deceased, Respondent; CARL G. WHITBECK, JR., as Guardian ad Litem of JAMES R. YOUNG et al., Appellant. [738 NYS2d 100] —Spain, J. Appeal from a decree of the Surrogate's Court of Columbia County (Leaman, S.), entered August 18,

2000, which, *inter alia,* admitted to probate an instrument purporting to be the last will and testament of decedent.

Diane R. Young (hereinafter decedent) died testate on October 7, 1998 survived by two adult children: petitioner, the named executor of decedent's estate, and James R. Young. A third child, Sandra Collins, predeceased decedent in 1997 leaving three children one of whom, Laurel Reed, is an infant. Decedent left an instrument dated May 29, 1997 purporting to be her will which provides that after the payment of all debts and expenses, all of decedent's property passes to petitioner. By petition dated April 20, 1999, the will was offered for probate.

Because Young has a disabling mental condition and Reed is a minor, Surrogate's Court appointed a guardian ad litem to represent their interests. Based on Young's assertions that petitioner unduly influenced and misled decedent, the guardian filed objections to the probate of the will. Thereafter, the guardian deposed petitioner and Young's intensive case manager at Columbia County Mental Health Center, where he had been a patient for several years. The testimony and psychiatric records revealed Young's history of psychiatric disability and his insistence that petitioner influenced decedent to remove him from her will. The guardian also examined the attesting witnesses. In a report provided to Surrogate's Court, the guardian concluded that, *inter alia,* there was no admissible evidence that petitioner exerted any undue influence or fraud upon decedent. Nevertheless, the guardian, on behalf of Young, requested a jury trial to determine whether decedent's will was the product of undue influence by petitioner. Surrogate's Court, relying on the guardian's report, dismissed the objections and admitted decedent's will to probate. The guardian appeals on behalf of Young and Reed* and we affirm.

The decision to dismiss objections and admit a will to probate is within the sound discretion of Surrogate's Court (*see, Matter of Moczulski,* 167 AD2d 578, 578, *lv denied* 77 NY2d 806). Provided there is no indication that Surrogate's Court abused its discretion, its decision will not be disturbed (*see, Matter of Johnson,* 192 AD2d 859, 859; *Matter of Moczulski, supra,* at 578), especially where the evidence establishes a prima facie case for probate and the objections fail to raise any material issue of fact concerning the validity of the will (*see, Matter of Dietrich,* 271 AD2d 894, 894; *Matter of Coniglio,* 242 AD2d 901, 901; *see also,* EPTL 3-1.1, 3-2.1). To raise an issue of fact as to

---

* This Court granted a motion to appoint a new guardian ad litem to replace of the original guardian ad litem on May 5, 2001.

undue influence or fraud more proof is required than mere "[c]onclusory allegations and speculation" (*Matter of Dietrich, supra,* at 894; *see, Matter of Coniglio, supra,* at 902). "To establish fraud, it must be shown that the 'proponent knowingly made a false statement that caused decedent to execute a will that disposed of [decedent's] property in a manner different from the disposition [decedent] would have made in the absence of that statement' " (*Matter of Clapper,* 279 AD2d 730, 732, quoting *Matter of Coniglio, supra,* at 902), i.e., the objectant must offer evidence demonstrating that the acts of the influencing party effectively made the will her own and not that of the decedent (*see, Matter of Clapper, supra,* at 732).

Here, the record establishes that decedent's will was duly executed before her attorney and his secretary. Notably, the fact that her attorney drafted the will creates a presumption of regularity (*see, Matter of Coniglio, supra,* at 902). The record also demonstrates that, at that time, decedent was of sound mind and memory and that she knew the nature and extent of her property and the people who were the natural objects of her bounty. With regard to influence or fraud, the guardian's report clearly indicates that after a nearly year-long investigation which included four depositions, there were absolutely no facts suggesting that decedent was the victim of any fraud, overbearing or improper influence.

Next, we find no support in the record for the contention that petitioner "manipulated and deceived" decedent into a mistaken belief that a disposition in her will to Young would cause him to lose his Social Security benefits. A will is entitled to probate even if decedent was mistaken concerning extraneous facts which might otherwise have caused decedent to make a different disposition (*see, Matter of Dickinson,* 273 AD2d 89, 90; *Matter of Arnold,* 200 Misc 909, *affd* 282 App Div 670; 39 NY Jur 2d, Decedent's Estates, § 559, at 101), unless the mistake of fact was the product of undue influence (*see, Matter of Forbes,* 60 Hun 171, *affd* 128 NY 640; *see also, Clapp v Fullerton,* 34 NY 190; *Matter of Tousey,* 34 Misc 363). Moreover, when the language in a will is clear and unambiguous, courts must give it effect as written (*see, Matter of Dickinson, supra,* at 90). Notably, in 1998 when decedent expressed concern to Young's case manager that leaving part of her estate to Young might cause him to lose his Social Security benefits, the case manager suggested that she consult her attorney or Social Security personnel. Although the record reflects that decedent may have been mistaken concerning the effect of a disposition to Young in this regard, the record also supports the conclu-

sion that decedent's will achieved her testimentary intentions. Thus, given the clear language of decedent's will and the absence of any evidence in the record indicating either fraud or undue influence on the part of petitioner, Surrogate's Court properly dismissed the objections and admitted decedent's will to probate.

We have considered the guardian's remaining contentions and find they are either unpreserved for our review or without merit.

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the decree is affirmed, without costs.