■ In the Matter of the Estate of JANET M. MALONE, Deceased. CLYDE F. MATTESON, JR., et al., Respondents; GLORIA B. COLE et al., Appellants, et al., Respondents. [846 NYS2d 782]—

Mugglin, J. Appeal from an order of the Surrogate's Court of Chenango County (Sullivan, S.), entered February 13, 2007, which granted petitioners' motion for summary judgment dismissing the objections to decedent's will, and admitted the will to probate.

Janet M. Malone (hereinafter decedent) died testate in June 2005, leaving a last will and testament dated January 9, 2004. She was survived by three of her seven siblings and several nieces, nephews, grandnieces and grandnephews. Petitioners filed a petition to admit the will to probate and respondents filed objections thereto, claiming lack of testamentary capacity, lack of due execution and undue influence. A hearing was conducted pursuant to SCPA 1404 to examine the attesting witnesses to the will. Thereafter, petitioners moved for summary judgment dismissing all objections. Respondents opposed the motion only with respect to the objection of undue influence, thereby abandoning the other objections. Surrogate's Court granted petitioners' motion for summary judgment dismissing respondents' objections. Eight of the respondents (hereinafter collectively referred to as respondents) appeal and assert two arguments, one procedural and one substantive.

Procedurally, respondents argue that it was error for Surrogate's Court, in awarding summary judgment to petitioners, to rely on testimony heard at the SCPA 1404 hearing because, except for minor excerpts, the transcript of that hearing was not submitted either in support of or in opposition to the motion for summary judgment. We granted petitioners' motion to file the transcript as a supplemental record on appeal, reserving to respondents the right to argue this issue.

Pursuant to CPLR 3212 (b), a motion for summary judgment shall be granted if, based on all the "papers and proof submitted," there exists no triable issue of fact. To this end, the general rule has evolved that trial courts may not base a summary judgment decision on facts outside the record, independent knowledge, or other proceedings held before it (*see e.g. Matter of Kelly v Safir*, 96 NY2d 32, 39 [2001]; *Madden v Dake*, 30 AD3d 932, 936-937 [2006]; *Vermont Fed. Bank v Chase*, 226 AD2d 1034, 1035-1036 [1996]; *see also McFarland v Michel*, 2 AD3d 1297, 1298 [2003]; *Matter of La Bier v La Bier*, 291 AD2d 730, 732 [2002], *lv dismissed* 98 NY2d 671 [2002]; *Klembczyk v DiNardo*, 265 AD2d 934, 934 [1999]; *Silberman v Antar*, 236 AD2d 385, 385 [1997]; *Terner v Terner*, 44 AD2d 702, 702

[1974]). Nevertheless, in the broader context of the will contest, the transcript of the SCPA 1404 hearing is part of the record before the court. In fact, petitioners aver that they did not attach a copy of the transcript to their motion papers because Surrogate's Court was already in possession of it. Therefore, it is only in the most technical sense that respondents allege that Surrogate's Court went outside of the record in awarding summary judgment to petitioners.

Moreover, both sides were fully aware of the testimony adduced at the SCPA 1404 hearing, both referred to it in their memoranda of law submitted to Surrogate's Court on the summary judgment motion and both have attached excerpts from it in their original appellate papers in this Court. Under these circumstances, the parties charted their own course and, as no party has been prejudiced, it was not error for Surrogate's Court to have considered this testimony. Notably, respondents failed to raise this objection before Surrogate's Court either by making a motion to reargue or otherwise.

Addressing the substantive issue, respondents contend that summary judgment should have been denied because issues of fact exist as to whether decedent was subject to undue influence in making her will. To establish undue influence, the burden is on the objectant to show that the influencing party's actions are so pervasive that the will is actually that of the influencer, not that of the decedent (*see Matter of Clapper*, 279 AD2d 730, 732 [2001]; *Matter of Seelig*, 13 AD3d 776, 777 [2004], *lv denied* 4 NY3d 707 [2005]). The influence must rise to a level where it " 'amount[s] to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his [or her] free will and desire, but which he [or she] was unable to refuse or too weak to resist' " (*Matter of Walther*, 6 NY2d 49, 53 [1959], quoting *Children's Aid Socy. of City of N.Y. v Loveridge*, 70 NY 387, 394-395 [1877]; *see Matter of Fellows*, 16 AD3d 995, 996 [2005]). Facts must be sufficiently set forth to show that the influencing party had a motive to influence, the opportunity to influence, and that such influence was actually exercised (*see Matter of Fellows*, 16 AD3d at 996).

While undue influence can rarely be shown by direct proof, "there must be affirmative evidence of facts and circumstances from which the exercise of such undue influence can fairly and necessarily be inferred" (*Matter of Bundy*, 217 App Div 607, 612 [1926] [internal quotation marks omitted]). Simply "[c]onclusory allegations and speculation" without specificity as to times, dates, and places are insufficient to raise an issue of fact as to

undue influence (*Matter of Young*, 289 AD2d 725, 727 [2001] [internal quotation marks and citation omitted]; *see Matter of Ruparshek*, 36 AD3d 998, 1000 [2007]). Furthermore, if the circumstantial evidence offered would support conflicting infer-ences, a conclusion of undue influence cannot be made (*see Matter of Fiumara*, 47 NY2d 845, 846 [1979]; *Matter of Walther*, 6 NY2d at 54). Absent an abuse of discretion, the determination of Surrogate's Court will be upheld (*see Matter of Young*, 289 AD2d at 726).

Here, in essence, respondents argue that undue influence can be inferred from a "radical" change in decedent's testamentary plan after she reconciled with her brother, petitioner Clyde F. Matteson, Jr., who had both motive and opportunity to unduly influence her while driving her from the City of Norwich, Chenango County, to the City of Binghamton, Broome County, for chemotherapy and radiation treatments which left her in a weakened condition. Acknowledging, without conceding, that motive and opportunity may exist, petitioners argue, neverthe-less, that their proof demonstrates that no issue of fact exists that Matteson actually exercised undue influence and that respondents' allegations are simply conclusory and speculative. Our review of the record leads us to the same conclusion. First, we do not perceive the change in testamentary plan to be all that radical. The major difference between the earlier version of decedent's will and the one submitted for probate is that the residue is left to different relatives. In the current will, along with two other 20% shares, 20% of the residue is left to Mat-teson's daughter, 20% to his son, and 20% to his granddaughter. Notably, Matteson does not personally share in the residue. The testamentary plan is not an unnatural one and it is equally as inferable that decedent favored some of her relatives more than others as it is that her plan was changed because of undue influ-ence. Beyond this, the record demonstrates that petitioners did not draft or dictate the will, they were not present when the will was discussed nor were they present when the will was exe-cuted. Nor did they have control over decedent's daily activities or her financial affairs (*see Matter of Buchanan*, 245 AD2d 642, 643 [1997], *lv dismissed* 91 NY2d 957 [1998]).

As a final matter, although respondents have submitted some evidence to establish that decedent was, at times, in a weakened or confused state, we note that some of this evidence postdates the execution of the will and it is otherwise largely refuted by the affidavit of decedent's treating physician. Moreover, as the record lacks any evidence that undue influence was actually exercised in connection with the preparation and execution of

the will at issue, decedent's weakened state is neither relevant nor material.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.