■ In the Matter of the Estate of Roy Reginald Colverd, Deceased. Sharon M. Michael, as Executor of Roy Reginald Colverd, Deceased, Respondent; Jo-Anne Colverd et al., Appellants, et al., Respondent. [860 NYS2d 254]—

Spain, J. Appeal from an order of the Surrogate's Court of Fulton County (Giardino, S.), entered November 18, 2005, which granted petitioner's motion for summary judgment dismissing the objections to decedent's will and admitted the will to probate.

Decedent died in 2000. Thereafter, petitioner—decedent's unmarried companion of nearly 30 years—commenced this proceeding in Surrogate's Court, as named executor, seeking probate of decedent's will. Three of decedent's four children submitted objections to probate claiming undue influence and fraud by petitioner; one of his daughters, respondent Donna C. Egnoto, initially filed one set of objections and, thereafter, a second set of objections was filed by another daughter, respondent Jo-Anne L. Colverd, and decedent's son, respondent Andrew Colverd. After a substantial amount of discovery, petitioner successfully moved for summary judgment dismissing the objections and admitting decedent's will to probate. Only Jo-Anne Colverd and Andrew Colverd (hereinafter collectively referred to as respondents) have now appealed.

Rejecting respondents' contentions that there are material issues of fact as to whether decedent lacked testamentary capacity, was unduly influenced by petitioner, and/or was defrauded by petitioner, we affirm. Whether to dismiss objections and admit a will to probate is within the sound discretion of Surrogate's Court, and the court's decision will be upheld absent a showing of an abuse of discretion (*see Matter of Malone*, 46 AD3d 975, 978 [2007]; *Matter of Young*, 289 AD2d 725, 726 [2001]). Notably, summary judgment in a contested probate proceeding, while rare, is proper when the petitioner sufficiently establishes a prima facie case for probate and the respondent fails to raise any genuine issues of fact (*see Matter of Castiglione*, 40 AD3d 1227, 1229 [2007], *lv denied* 9 NY3d 806 [2007]; *Matter of Fairbairn*, 9 AD3d 579, 580 [2004], *lv denied* 3 NY3d 612 [2004]; *Matter of Young*, 289 AD2d at 726).

Initially, respondents' claim that decedent lacked testamentary capacity is not sufficiently raised in their objections and, therefore, is unpreserved for appeal; their objections suggest claims of undue influence and fraud, not testamentary capacity (*see Matter of Rockefeller*, 44 AD3d 1170, 1172 n [2007]). In any event, the record amply reflects that petitioner established—primarily through the uncontroverted deposition testimony of the attorney who drew and witnessed the will—a prima facie case that at the time he executed his will, decedent was of sound mind and memory, he was aware of the nature and extent of his property and he knew the persons who were the natural objects of his bounty (*see Matter of Castiglione*, 40 AD3d at 1228; *Matter of Friedman*, 26 AD3d 723, 724-725 [2006], *lv denied* 7 NY3d 711 [2006]). In opposition, respondents provided only bare assertions of decedent's illiteracy and that he was heavily medicated on the day the will was executed. These wholly

conclusory allegations failed to sufficiently raise a triable issue of material fact on the record before us (*see Matter of Friedman,* 26 AD3d at 725; *Matter of Clapper,* 279 AD2d 730, 731-732 [2001]).

Next, we turn to respondents' claim of undue influence, which, like fraud—and in contrast to testamentary capacity—is respondents' ultimate burden to prove (*see Matter of Clapper,* 279 AD2d at 732). To prove undue influence, a respondent must demonstrate that the decedent "was actually constrained to act against [his] own free will and desire by identifying the motive, opportunity and acts allegedly constituting the influence, as well as when and where such acts occurred" (*Matter of Murray,* 49 AD3d 1003, 1005-1006 [2008]; *see Matter of Castiglione,* 40 AD3d at 1229). Absent specificity as to times, dates and places, "[c]onclusory allegations and speculation" are insufficient to raise an issue of fact as to acts of undue influence or fraud (*Matter of Young,* 289 AD2d at 727; *see Matter of Malone,* 46 AD3d at 977-978).

While the record reflects that petitioner may have had the opportunity to exert undue influence on decedent, respondents have not alleged sufficient facts which, even if credited, could prove that any undue influence was exerted. First, petitioner demonstrated that she lacked motive to influence decedent's testamentary decisions. Petitioner owned almost everything in her own name, including the real property, a truck, an automobile, a recreational vehicle, horses and the dog kennel/breeding business. Most of petitioner's property had been acquired through an inheritance from her father's estate in 1997. In contrast, the extent of decedent's estate was relatively small, the main asset being his co-ownership of a number of the dogs. Further, petitioner did not participate in the drafting of decedent's will and, given her long and loving relationship with decedent and the admitted lack of relationship between decedent and two of his children, the disposition of his estate—as directed in his will—is entirely rational. In response, respondents failed to allege facts which would demonstrate that decedent's actions and decisions were not voluntary. Indeed, there is no evidence in the record of any specific instance showing that petitioner exerted any undue influence over decedent. Thus, Surrogate's Court properly determined that respondents failed—in response to petitioner's motion—to allege facts which could establish that petitioner unduly influenced decedent (*see Matter of Greenwald,* 47 AD3d 1036, 1037-1038 [2008]; *Matter of Castiglione,* 40 AD3d at 1229).

"To establish fraud, it must be shown that the 'proponent

knowingly made a false statement that caused decedent to execute a will that disposed of his property in a manner different from the disposition he would have made in the absence of that statement' " (*Matter of Clapper*, 279 AD2d at 732, quoting *Matter of Coniglio*, 242 AD2d 901, 902 [1997] [citation omitted]; *accord Matter of Young*, 289 AD2d at 727). Here, it is alleged that petitioner falsely induced decedent to leave his estate to her by promising him that she would execute her will such that she would leave the bulk of her estate to the two children who would inherit under decedent's will, if petitioner had predeceased decedent. However, in her will, executed on the same date as decedent's, petitioner—in fact—leaves her estate as she promised (*see Matter of Young*, 289 AD2d at 727; *Matter of Clapper*, 279 AD2d at 732). Thus, because respondents also failed to meet their burden to assert facts sufficient to establish fraud, Surrogate's Court did not abuse its discretion in granting petitioner's motion for summary judgment dismissing the objections (*see Matter of Castiglione*, 40 AD3d at 1229).

We have considered respondents' remaining contentions and find them to be without merit.

Mercure, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.