■ In the Matter of the Estate of CAROLYN H. RENZI, Deceased. PHYLLIS CAMPANILE NICOLELLA, as Executor of CAROLYN H. RENZI, Deceased, Respondent; THOMAS F. CAMPANILE JR., Appellant. [888 NYS2d 270]—

Malone Jr., J. Appeal from an order of the Surrogate's Court of Fulton County (Giardino, S.), entered April 16, 2008, which granted petitioner's motion for summary judgment dismissing respondent's objections to decedent's will, and admitted the will to probate.

After decedent died in September 2007, petitioner, as executor of decedent's estate, commenced the instant proceeding seeking letters testamentary and the probate of a will that decedent executed in March 2006, which expressly revoked all prior wills, including one executed in February 2004 that left a 15% share of her estate to respondent. Respondent, who was disinherited by the March 2006 will, thereafter filed objections to probate alleging that the will had not been properly executed, that decedent lacked testamentary capacity and that petitioner had unduly and fraudulently influenced decedent. Petitioner denied the allegations and moved for summary judgment dismissing the objections. Surrogate's Court granted petitioner's motion and admitted the will to probate and respondent appeals.

We agree with Surrogate's Court that respondent failed to establish that decedent's will was the product of petitioner's undue influence or fraud. With respect to his claim of undue influence, respondent contends that petitioner abused her position as decedent's power of attorney to persuade decedent to remove him from the will. In support of this theory, respondent relies on an affidavit of his cousin, who asserts that petitioner told him that she wanted respondent removed from the will. However, not only does this assertion lack the "specificity as to times, dates and places" necessary to raise an issue of fact as to undue influence (*Matter of Colverd*, 52 AD3d 971, 973 [2008]), but the cousin ultimately admitted that decedent told him that, although she was aware that petitioner wanted respondent removed from the will, the true reason that she disinherited respondent was that she was upset that respondent did not attend burial services for her two brothers. Further, respondent did not specifically identify any false statements that petitioner made that affected the testamentary disposition (*see Matter of Paigo*, 53 AD3d 836, 838 [2008]). Assuming that petitioner convinced decedent to disinherit respondent, citing his legal troubles and his failure to attend the burial services, the record reveals that such statements against respondent, if made by petitioner to decedent, were not false. Thus, respondent's conclusory allegations, even if accepted as true, proved only that "petitioner had motive and opportunity to influence decedent's testamentary decisions" (*Matter of Turner*, 56 AD3d 863, 866 [2008]), but fall short of establishing any actual undue influence or fraud.

As respondent's remaining claims were raised for the first time in his reply brief, they are not properly before this Court (*see Giblin v Pine Ridge Log Homes, Inc.*, 42 AD3d 705, 706 [2007]). In any event, we find them to be unpersuasive.

Spain, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.