■ In the Matter of the Estate of THOMAS DOODY, Deceased. CAROL N. NASH, as Executor of THOMAS DOODY, Deceased, Respondent; ROBERT M. LASKY, Appellant. [912 NYS2d 792]—

Malone Jr., J. Appeal from a decree of the Surrogate's Court of Rensselaer County (Hummel, S.), entered July 15, 2008, which granted petitioner's motion for summary judgment

dismissing respondent's objections to decedent's will, and admitted the will to probate.

Petitioner commenced this proceeding seeking letters testamentary and probate of a will executed by decedent in 2004. Surrogate's Court ordered the letters, and a notice of probate was issued to the distributees. Respondent filed objections to probate, alleging, among other things, that decedent lacked testamentary capacity and that the will was the product of undue influence. Surrogate's Court granted petitioner's motion for summary judgment dismissing the objections and admitting the will to probate. Respondent appeals.

Before a will is admitted to probate, Surrogate's Court must be satisfied that it was validly executed (*see* SCPA 1408). Here, petitioner made a prima facie showing that the will was validly executed because it was executed under the supervision of an attorney (*see Matter of Halpern*, 76 AD3d 429, 431 [2010]; *Matter of Scaccia*, 66 AD3d 1247, 1250 [2009]) and contained a valid attestation clause (*see Matter of Paigo*, 53 AD3d 836, 838 [2008]). The burden thus shifted to respondent to raise a material issue of fact. In that regard, respondent alleged that decedent was not of sound mind at the time the will was executed. However, contrary to respondent's contention, an independent medical report is not required to establish that decedent had testamentary capacity. The affidavit of the attesting witnesses "stating that decedent was sound in mind and memory and in all respects competent to make a will created a presumption of testamentary capacity," and respondent offered no evidence to rebut that presumption (*Matter of Scaccia*, 66 AD3d at 1251; *see Matter of Nofal*, 35 AD3d 1132, 1133 [2006]). Moreover, respondent's conclusory allegations, unsupported by any proof, are insufficient to establish that the will was the product of fraud or acts of undue influence on the part of petitioner (*see Matter of Turner*, 56 AD3d 863, 865-866 [2008]; *Matter of Colverd*, 52 AD3d 971, 972-973 [2008]). Accordingly, Surrogate's Court did not abuse its discretion by granting petitioner's motion for summary judgment (*see Matter of Colverd*, 52 AD3d at 972-973).

We are not persuaded by respondent's remaining contentions, including his claim that he was denied a fair hearing by Surrogate's Court.

Cardona, P.J., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the decree is affirmed, without costs.