| |
|---|
| **Estate of Bastone** |
| 2024 NY Slip Op 33898(U) |
| October 10, 2024 |
| Surrogate's Court, Bronx County |
| Docket Number: File No. 2020/2273 |
| Judge: Nelida Malave-Gonzalez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT, BRONX COUNTY

October 10, 2024

ESTATE OF JOSEPH BASTONE, Deceased
File No.: 2020-2273

This is a contested proceeding to probate an instrument, dated July 11, 2020, propounded as being the decedent's Last Will and Testament. The petitioner, Jessica Savage ("Petitioner"), one of the decedent's daughters, is the instrument's nominated executor. In addition to the petitioner, the decedent's distributees are another daughter, Esther Rojas ("Esther") and two sons, Michael Bastone ("Michael") and Joseph Bastone, Jr. ("Joseph") (collectively, the "Sons"). The Sons receive no share of the decedent's estate under the instrument, which was drafted by an attorney who supervised its execution, contains an attestation clause signed by three witnesses and is accompanied by a self-proving affidavit from those witnesses indicating, *inter alia*, that the testator had testamentary capacity when he signed the instrument in their presence.

Jurisdiction was obtained over Esther and the Sons in this proceeding. On the return date of process, the Petitioner and all of the cited parties appeared and the matter was adjourned *sine dia* pending the completion of SCPA 1404 discovery. Subsequently, the Sons retained Albert Goodwin, Esq. ("Goodwin") to represent them. They filed verified objections to the instrument's probate on August 31, 2021.

Apparently, the discovery process languished and there was little activity in the matter after the objections were filed. As a result, counsel for Gabriel Sanchez ("Gabriel"), one of the beneficiaries under the instrument, contacted the court requesting a status conference. On May 15, 2024 a member of the court's Law Department met with the

parties' respective attorneys, ostensibly to schedule discovery. However, during this conference Goodwin indicated that he would be seeking to withdraw as the Sons' counsel because they refused to communicate with him. The matter was adjourned to give him the opportunity to make the appropriate application.

Goodwin moved for leave to withdraw as counsel by order to show cause dated May 24, 2024. According to his supporting affirmation, the Sons have refused to cooperate or communicate with him for the past two months, rendering him incapable of effectively representing them in this proceeding. Goodwin's unopposed application was granted by the court's decision dated June 25, 2024, which also stayed the matter for a period of thirty days from the date proof of its mailing to the Sons was filed, allowing them to elect whether to proceed *pro se* or obtain new counsel. Such proof was filed with the court on June 3, 2024.

On September 10, 2024 the matter appeared for a conference on the record, in open court. Petitioner, Esther and Gabriel appeared by counsel and Michael proceeded *pro se*. Joseph did not appear, notwithstanding that he was sent a Teams link allowing him to virtually participate in the conference, and that immediately prior to starting the conference a court staff member tried reaching him by telephone. After Michael stated that he and Joseph would not be hiring counsel, the court directed all parties to attend an off calendar conference on September 20, 2024 (the "OCC") with a member of the court's law department to establish a discovery schedule. The court further cautioned that any parties failing to appear at the OCC would be considered in default and the court would proceed accordingly.

The Sons were the only parties who did not appear at the OCC. Prior to beginning the OCC, the court attorney assigned to the file telephoned Joseph, and briefly spoke to him. Joseph indicated that neither he nor Michael wanted to proceed with prosecuting the objections. The court attorney also attempted to contact Michael, leaving him a voicemail message which received no response.

On September 26, 2024, another conference was held in the matter, in open court and on the record. All parties were given ample prior notice of this conference and sent Teams links so they could participate virtually. While all of the attorneys of record appeared, the Sons did not. Each of the appearing attorneys then made an oral application to have the objections dismissed and have the instrument admitted to probate. Thereafter, the court marked the matter "submitted for decision."

The determination whether to dismiss objections and admit a will to probate is within the discretion of the Surrogate's Court, and its determination will not be overturned absent a showing of an abuse thereof (*Matter of Colverd*, 52 AD3d 971, 972 [3rd Dept 2008]). Here, not only have the Sons failed to diligently prosecute their claims against the instrument since filing them nearly three years ago, they have advised the court that they do not wish to do so. Therefore, on the record presented, the Sons' objections are hereby dismissed.

Moreover, the instrument's execution was supervised by its attorney-draftsman, creating a presumption of regularity (*Matter of Moskoff*, 41 AD3d 481, 482 [2d Dept 2007]), and it contains a valid attestation clause raising a presumption of validity (*Matter of Falk*, 47 AD3d 21, 26 [1st Dept 2007]). Applying these presumptions and considering all of the circumstances surrounding its execution, the court is satisfied that the testator

3

[* 3]

executed the instrument in compliance with the statutory requirements for making a will and that, at the time of execution, the testator was competent to make a will and free from restraint (EPTL 3-2.1; SCPA 1408). Accordingly, a decree may be entered admitting the proffered instrument, dated July 11, 2020, to probate as the decedent's Last Will and Testament. Said decree shall revoke any preliminary letters testamentary that were previously issued.

This decision constitutes the order of the court.

Settle decree.

HON. NELIDA MALAVÉ-GONZALEZ,
SURROGATE

4

[* 4]