Matter of Watt (2026 NY Slip Op 01691)

Matter of Watt

2026 NY Slip Op 01691

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

934 CA 24-01866

[*1]IN THE MATTER OF THE ESTATE OF MERLE S. WATT, SR., DECEASED. ——————————————————————————— SYDNEY RAE WATT, PETITIONER-RESPONDENT, MELINDA PALMER, OBJECTANT-APPELLANT. 

ZDARSKY SAWICKI & AGOSTINELLI LLP, BUFFALO (DANIEL J. BOBBETT OF COUNSEL), FOR OBJECTANT-APPELLANT.
HURWITZ FINE, P.C., BUFFALO (MELISSA A. PEZZINO OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Surrogate's Court, Cattaraugus County (Moses M. Howden, S.), entered June 7, 2024, in a probate proceeding. The order, among other things, granted petitioner's motion for summary judgment and dismissed the objections filed by the objectants. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this probate proceeding, objectant appeals from an order that, inter alia, granted petitioner's motion insofar as it sought summary judgment dismissing her objections to the probate of decedent's will, and admitted the will to probate. We affirm.
Objectant, decedent's daughter, asserted, inter alia, that decedent lacked testamentary capacity and that the will was procured by undue influence. With regard to testamentary capacity, "[i]t is the indisputable rule in a will contest that '[t]he proponent has the burden of proving that the testator possessed testamentary capacity and [Surrogate's Court] must look to the following factors: (1) whether [the testator] understood the nature and consequences of executing a will; (2) whether [he] knew the nature and extent of the property [he] was disposing of; and (3) whether [he] knew those who would be considered the natural objects of [his] bounty and [his] relations with them' " (Matter of Kumstar, 66 NY2d 691, 692 [1985], rearg denied 67 NY2d 647 [1986]; see Matter of Bodkin [appeal No. 3], 128 AD3d 1526, 1528 [4th Dept 2015]; Matter of Alibrandi, 104 AD3d 1175, 1175 [4th Dept 2013]). "Old age and bad health . . . when a will is executed are 'not necessarily inconsistent with testamentary capacity . . . as the appropriate inquiry is whether the decedent was lucid and rational at the time the will was made' " (Matter of Makitra, 101 AD3d 1579, 1580 [4th Dept 2012]; see Alibrandi, 104 AD3d at 1175-1176). Here, as objectant correctly concedes, petitioner met her initial burden on the motion with respect to testamentary capacity. Petitioner submitted, inter alia, the SCPA 1404 hearing testimony of decedent's estate attorney, who drafted the will and witnessed its execution (see Matter of Burrows, 203 AD3d 1699, 1700 [4th Dept 2022], lv denied 39 NY3d 903 [2022]; Alibrandi, 104 AD3d at 1176). The testimony established that decedent appeared to be in good health, that he was sharp mentally, that he clearly stated his intentions, and that he understood the consequences of the different estate plans discussed.
In opposition, objectant failed to raise a triable issue of fact with respect to decedent's testamentary capacity (see generally Bodkin, 128 AD3d at 1528). Objectant primarily relied on the affirmation of a licensed psychologist. We conclude, however, that there is nothing in the psychologist's affirmation that establishes that decedent was not rational, lucid, or competent when he executed the will and, instead, we conclude that the psychologist relied upon speculation to conclude that decedent was not capable of fully understanding the implications of the will (see id.). Moreover, such "medical opinion evidence assumes a relatively minor [*2]importance where, as here, there is direct evidence that . . . decedent possessed the understanding to make a testamentary disposition" (Burrows, 203 AD3d at 1701 [internal quotation marks omitted]). Thus, inasmuch as objectant failed to submit evidence to support the allegation that decedent was incompetent when he executed the will, the Surrogate properly granted summary judgment on that issue in petitioner's favor (see Alibrandi, 104 AD3d at 1177).
We further conclude that the Surrogate properly granted that part of petitioner's motion for summary judgment dismissing the undue influence objection. "A will contestant seeking to prove undue influence must show the exercise of 'a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the [decedent] to do that which was against [his] free will' " (Makitra, 101 AD3d at 1581, quoting Kumstar, 66 NY2d at 693). "Undue influence must be proved by evidence of a substantial nature . . . , e.g., by evidence identifying the motive, opportunity and acts allegedly constituting the influence, as well as when and where such acts occurred" (id. [internal quotation marks omitted]). Here, petitioner met her initial burden on the motion with respect to undue influence by submitting, inter alia, the testimony of decedent's estate attorney, which established that decedent was alone during the drafting of the will and, thus, that petitioner did not directly influence decedent (see generally Matter of Rodriguez, 239 AD3d 1270, 1271 [4th Dept 2025]; Matter of Dubin, 54 AD3d 945, 946-947 [2d Dept 2008]). In opposition, objectant failed to raise a triable issue of fact in that regard. "Mere speculation and conclusory allegations, without specificity as to precisely where and when the influence was actually exerted, are insufficient to raise an issue of fact" (Matter of Walker, 80 AD3d 865, 867 [3d Dept 2011], lv denied 16 NY3d 711 [2011]; see Matter of Capuano, 93 AD3d 666, 668 [2d Dept 2012]; Matter of Coniglio, 242 AD2d 901, 902 [4th Dept 1997]). Here, even assuming, arguendo, that objectant identified a motive and opportunity for petitioner to exert influence upon decedent, we conclude that "there is no direct evidence that petitioner did anything to actually influence decedent's distribution of [his] assets" (Walker, 80 AD3d at 868). Indeed, objectant relied upon speculation and conclusory allegations that petitioner influenced decedent, which is insufficient to raise a triable issue of fact (see id. at 867; Coniglio, 242 AD2d at 902).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court